139 So.2d 484 (1962)
SUN FINANCE CORP., a Florida Corporation, Petitioner,
v.
Charles FRIEND, and Jack B. Fried a/K/a Jack Friedenberg, Respondents.
No. 61-628.
District Court of Appeal of Florida. Third District.
March 1, 1962.
On Rehearing April 11, 1962.
Marx M. Faber, Miami, for petitioner.
Von Zamft & Kravitz and John Gale, Miami, for respondents.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
Petitioner seeks review by certiorari of an order setting aside a judgment in default which judgment was entered more than eight months prior to its vacation. A careful search of the record reveals that the only grounds alleged for *485 vacation of the default judgment was that the petitioner's attorney inadvertently neglected to answer the complaint. The law of this state with respect to setting aside default judgments is that a trial judge may only set aside such a judgment upon a showing of good cause. Barber v. North Shore Hospital, Inc., Fla.App. 1961, 133 So.2d 339.
We said in White v. Spears, Fla. 1960, 123 So.2d 689, that, absent a showing of irregularity in the proceedings prior to the entry of default, the mere assertion that the default was caused by the attorney's neglect and not through any fault on the defendant's part, does not constitute good cause sufficient to justify the setting aside of the default judgment. Accordingly, the writ of certiorari is granted and the order setting aside the default judgment is quashed.

ON PETITION FOR REHEARING
PER CURIAM.
The court granted limited rehearing, "for the purpose of further oral argument and consideration of the jurisdiction of the trial court to set aside a final judgment entered upon default, when the motion to set aside the final judgment and open the default is made more than eight months after the rendition of the final judgment." We have reached the conclusion that since the repeal of former Florida Statutes 1953, § 50.10, F.S.A. there is no particular rule which limits the opening or setting aside of final judgment entered upon default. Ramagli Realty Co. v. Craver, Fla. 1960, 121 So.2d 648. Therefore the trial court had jurisdiction up to a reasonable time to set aside the judgment and open the default for good cause shown. We find, and for the information of the Bar, include a reference to amendments and revisions of the Florida Rules of Civil Procedure to become effective July 1, 1962, and filed by the Supreme Court of Florida on March 21, 1962, amending rule 1.38, 30 F.S.A. and providing a period of one year during which the trial court may relieve a party from a final judgment for the reason of mistake, inadvertence, surprise or excusable neglect. It therefore appears that the holding that a trial court may only set aside final judgment within a reasonable time from the entry of such judgment, will have no application after July 1, 1962.
Having so found we nevertheless adhere to our opinion previously filed.
The holding therein that no good cause sufficient to justify the setting aside of the default judgment was made to appear supports granting of the writ.