HENDRY, Judge.
Petitioner, by certiorari, seeks review of an order setting aside a default judgment entered against the defendant-respondent.
Plaintiff-petitioner, by an amended complaint, alleged that the respondent, as co-owner of an automobile was responsible in damages for the injuries caused by the negligent operation of such automobile by the defendant, Kingery. The respondent failed to file his answer within the prescribed time. A default judgment was entered against the respondent on October 4, 1961. On November 28th, 1961 the cause came on for trial on the issue of damages. The respondent appeared at this time and filed a motion to set aside the default judgment. The motion read as follows:
“COMES NOW the defendant, WILLIAM S. D. PATTISON, by and through the undersigned Counsel and makes this his Motion to Set Aside Default Judgment and for good cause says: ■
“1. That the defendant was served in November of 1960 and the Summons and Complaint was forwarded to the co-defendants in this cause; that the said co-defendant took no action on the same assuming that answer to same had been filed.
“2. That the Defendant WILLIAM S. D. PATTISON was without knowledge of any action in said cause until receipt of Notice of Waiver of Trial by Jury and Date of Trial from Plaintiff; that at that time knowledge of default was ascertained.
“3. That the Defendant, WILLIAM S. D. PATTISON has a good and valid defense and this Motion is not made for the purpose of delay or to pervert the ends of Justice.”
By order of the trial court, the motion was granted and the default judgment set aside. The plaintiff thereupon filed his petition for certiorari. After review, we find that the petition has merit and that the writ should be granted.
We stated in Sun Finance Corp. v. Friend, Fla.App.1962, 139 So.2d 484 and Barber v. North Shore Hospital, Inc., Fla. App.1961, 133 So.2d 339 that a trial judge may only set aside a default judgment upon a showing of good cause. The mere assertion in a motion to set aside a default judgment that the defaulting party assumed an answer had been filed does not constitute excusable neglect sufficient to justify the setting aside of such judgment. Accordingly, it was an abuse of discretion to set aside the default judgment.
It follows therefore that the writ of certiorari be granted and the order setting aside the default judgment be quashed.
Writ granted.