HENDRY, Judge.
Defendant appeals from a judgment in favor of the plaintiff awarded by the Circuit Court for Dade County after trial by jury. Appellant’s principle points on appeal are directed to certain rulings and orders made by the trial judge prior to the trial of the cause on the merits.
Appellant’s motion to dismiss appellee’s complaint, for failure to state a cause of action, was granted with ten days leave to amend. Thereafter, counsel for both parties stipulated to an extension of time within which appellee' would file an amended complaint. The extra time granted by the stipulation ran out without appellee filing an amended complaint. Appellant then moved and the court granted a final judgment against appellee for his failure to amend within the time allowed. Appellee moved and the court granted a motion to set aside the final judgment and permitted appellee to file an amended complaint. The order vacating the final judgment made no reference to the prior order dismissing the complaint with leave to amend within ten days. This amended complaint withstood a motion to dismiss for failure to state cause of action, and the case proceeded to trial, and resulted in a jury verdict in favor of the plaintiff. The defendant contends on this appeal: (1) that the original order dismissing the complaint with leave to amend, was final, thereby divesting the court of further jurisdiction over the parties and proceedings ; (2) that the court abused its discretion in relieving the plaintiff of his default in pleadings, and (3) that the trial court erred in refusing to permit counsel to comment and draw inferences from the evidence in his closing remarks to the jury.
Both parties have cited many authorities, both pro and con, for the proposition that the order dismissing the complaint with leave to amend was either final or interlocutory. We find that it is unnecessary to resolve that question in order to decide the instant case. Irrespective of *245 "the status of the order of dismissal, the trial court had jurisdiction for a reasonable time after the entry of final judgment to relieve the plaintiff of his .default.[1]
The appellant further contends that the failure of the trial court to make specific references in its order opening the default, to the order granting the motion to dismiss, is fatal. We can not agree with this contention. The trial court had jurisdiction to open the default.[2] The granting of the plaintiff’s motion permitting filing of an amended complaint necessarily, by implication, was an amendment to the original order, in that the subsequent order extended the time within which plaintiff could file an amended complaint. Rule 1.6(b), Florida Rules of Civil Procedure, permits an extension of time for the requiring of the doing of an act prior to the expiration thereof, with or without notice to the adverse party. The same rule also permits the extension of time after the expiration of the period for doing an act, with notice, which is, in effect, what the trial judge did by his order permitting the filing of the amended complaint upon which the cause was ultimately tried.
 It is next contended that the trial court abused its discretion in granting ap-pellee’s motion to be relieved of its default. We find this contention to be without merit. There has been no showing of a gross abuse of discretion, as is required under the law [3] in order for an appellate court to reverse the trial court’s granting of a motion to open a default judgment. A careful scrutiny of the record reveals no abuse of discretion on the part of the court below.
Similarly, the trial judge did not abuse his discretion nor commit error in striking defense counsel’s argument and comment on the evidence. A careful examination of the record confirms the lower court’s opinion that there was insufficient testimony to justify appellant’s counsel’s comment in regard thereto.
Accordingly, the judgment appealed from is affirmed.
Affirmed.

. Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 04S; Sun Finance Corp. v. Friend, Fla.App.1962, 139 So.2d 484, 485: “Therefore the trial court had jurisdiction up to a reasonable time* to set aside the judgment and open the default for good cause shown.”
* It should bo pointed out at this time, so as to avoid any possibility of confusion in the future, that this judgment was opened prior to the adoption of the present F.R.C.P. 1.38, 30 F.S.A., wherein the court had a reasonable time instead of one year, within which to relieve parties of any default.

. id.

. North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849, and cases cited therein.