356 So.2d 851 (1978)
KAR KARE OWNERS GROUP OF FLORIDA, LTD., a Florida Limited Partnership, MBS Management Corp., a Florida Corporation, General Funding Corporation, a North Carolina Corporation, First National Bank in Shelby, North Carolina, John R. Swaim and Garl W. Swaim, Jointly and Severally, Petitioners,
v.
John M. CHASON, Respondent.
No. 77-1848.
District Court of Appeal of Florida, Fourth District.
March 14, 1978.
Rehearing Denied April 13, 1978.
*852 Dennis R. Long, of Farish & Farish, West Palm Beach, for petitioners.
Douglas C. Fulton, of Wearn & Fulton, West Palm Beach, for respondent.
LETTS, Judge.
We are concerned here with the refusal of the trial court to set aside a final summary judgment upon motion to do so, based on allegations of ignorance of the progress of the litigation, claimed by the losing parties. We affirm.
This case comes to us upon a petition for common law certiorari, which method we conclude to be procedurally erroneous, because an order denying a motion to vacate a final judgment is a final appealable order. Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971). The respondent argues, also incorrectly, that the available appellate review here, should have been by interlocutory appeal. It is an order denying a motion to vacate a default judgment which is appealable as an interlocutory matter under Fla.App. Rule 4.2.[1] See also Travelers Insurance Company v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977). The order before us is an order *853 denying a motion to vacate a summary final judgment and thus a plenary appeal is the appropriate remedy. Crystal Lake Golf Course, supra.
Notwithstanding these technical defects, we accept jurisdiction and treat this as a full appeal under the authority of Roper v. Roper, 336 So.2d 654 (Fla. 4th DCA 1976).
We do not, however, consider the question of whether there were issues of fact precluding the granting of summary judgment in the first place. The summary judgment itself has not been appealed and thus is not the issue brought before us. The issue appealed, simply stated, is whether the motion to vacate stated sufficient grounds to require the trial judge to grant the motion and whether his failure to do so constituted an abuse of discretion. We conclude that it did not.
The grounds set forth in the motion command attention. Fla.R.Civ.P. 1.540(b) provides that the court may grant relief to a party on the grounds of mistake, inadvertence, surprise or excusable neglect; and the appellant attempts to set forth, by affidavits and by direct testimony, at the hearing, all of these. The main ones included:
(1) He changed addresses and didn't get his mail (except by some stroke of providence, the final judgment).
(2) He didn't know his attorney had been granted leave to withdraw from the case.
(3) His attorney, upon withdrawal, had given the court, the old address, from which he (Swaim) had moved.
(4) That he had had no communication with, or from, his former attorney for approximately 11 months, knew nothing of what was going on and his attorney at all times had his telephone number.
We are not privy to what went through the trial judge's mind regarding the credibility of these various explanations, but they were largely uncontroverted. Nonetheless, we are struck by two facets of this case that prevent us from being able to say that the trial judge abused his discretion.
First, at the hearing on the motion to vacate and set aside, opposing counsel said:
"At that hearing, [the motion to withdraw as counsel] the Court specifically inquired of [counsel for the defendants] whether or not the defendants had been informed of his motion to withdraw, and I believe the Court was satisfied that they had been informed, and also asked [counsel] to include in the order a copy of the address where other pleadings shall be furnished to the defendants. And that was included at the very end of the order, [counsel for the defendants] having prepared that order."
This representation, by an officer of the court (as to what opposing counsel in turn had represented at a previous hearing when he sought to withdraw) went unrefuted and unchallenged despite the fact that the attorney who withdrew was present and testified. The appellant has not brought us a record of what actually transpired at the motion to withdraw. However, if the withdrawing attorney did tell the court that his clients knew he was withdrawing and if the judge was reminded of that fact upon the making of the above quoted representation, then we cannot say that the trial court abused its discretion by denying the motion to set aside the judgment.
There is a second reason why we will not disturb the ruling of the trial judge. We do not believe that the conduct of the defendants constituted excusable neglect under Fla.Civ. Rule 1.540(b).
The record reveals that right from the beginning of this lawsuit, the defendants repeatedly failed to abide by the court's procedures and rulings. Nonetheless, they had direct continuous contact with their former counsel, up through May 6th, 1976, when the answers to the interrogatories were finally filed in response to an order granting sanctions against them. It does not appear that this is a spurious lawsuit, and even if we adopt all of the defendants' own explanations for the neglect, we cannot conclude other than that they were guilty of in excusable, rather than excusable, neglect.
*854 After John R. Swaim had replied to the interrogatories addressed to all of the defendants on May 6th, 1976[2] he, by his own admission, apparently went to ground and neither heard, nor did anything further, about the suit (nor did his fellow defendants) until he received the final summary judgment on April 11, 1977  some 11 months of total abstinence. Nor did he contact, or try to contact, his attorney, nor wonder why he never heard from him, despite the fact that in July of 1976 (only two months after he provided the answers to the interrogatories) he moved his address. Simple prudence would dictate that when one is being sued on a serious matter, such as this, (with possible criminal side effects) one would positively notify his attorneys as to his exact whereabouts and not depend on the vagaries of the re-routing process of the U.S. Mails.[3] At least, when he heard nothing for several months he should have enquired.
At the hearing to set aside the summary judgment, the same John S. Swaim testified that his former attorney at all times had had his telephone number, which did not change. We seriously doubt that this was sufficient excuse, because, if his attorney did not know that his clients were not receiving the mail being sent, there would be no reason to telephone. On the other hand, if Swaim is correct that his former lawyer should have telephoned him, then there was inexcusable neglect on the part of his former counsel in failing to inform him of:
the motion to withdraw
the motion for sanctions
the motion to set cause for trial
the order granting sanctions (which included the threat of default judgment).
all of the above being filed BEFORE former counsel withdrew.
Somewhere, somehow, there was inexcusable neglect and while the pinpointing of that could become the subject of a separate proceeding,[4] it cannot be said that the trial judge abused his discretion in this case.
We would conclude by citing Winter Park Arms, Inc. v. Akerman, 199 So.2d 107 (Fla. 4th DCA 1967) wherein the court recognized that litigants cannot disregard the processes of the court and then expect relief, unless they offer excuses for their own negligence. In our opinion, we cannot say that the trial judge was in error because he failed to find these particular excuses acceptable under the total circumstances of this case.
AFFIRMED.
DOWNEY and DAUKSCH, JJ., concur.
NOTES
[1] This opinion was written on or about February 15th prior to the adoption of the new appellate rules. The advent of the new rules in no way affects the result however, so the opinion has been left unaltered. See Fla.App. Rule 9.130(a)(5) (1978).
[2] The fact that he replied on behalf of all the defendants, appeared on behalf of all the remaining defendants at the hearing to set aside the summary judgment and the fact that the attorney for all remaining defendants gave John R. Swaim's address as the place to serve all remaining defendants, appears to us to effectively dispose of the argument that he had no legal standing to bind them.
[3] None of the mail was ever returned.
[4] We do not suggest that we believe a cause of action exists.