356 So.2d 1329 (1978)
WESTINGHOUSE CREDIT CORPORATION, a Foreign Corporation, Appellant,
v.
STEVEN LAKE MASONRY, INC., Steven A. Lake and Dolores Lake, Appellees.
No. 77-2172.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
*1330 James E. Foster of Fishback, Davis, Dominick & Simonet, Orlando, for appellant.
John W. Bowen of Rowland, Petrucka & Bowen, Orlando, for appellees.
LETTS, Judge.
This case involves the trial court's setting aside of a final judgment entered after default. We find no excusable neglect and reverse.
The problem presented is a veritable mine field for trial judges, for it appears that whatever they do, the appellate court reverses. We agree that in such situations the trier of the fact should have wide discretion, which must be grossly abused to deserve reversal. This theory is further buttressed by the long standing policy of liberality towards the vacation of defaults, so that the merits of a cause may be reached, North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977).
Yet there are two areas where the courts have consistently upheld defaults and both are factors in this case.
First, failure of the attorney to act with no good reason given, Sun Finance Corp. v. Friend, 139 So.2d 484 (Fla. 3rd DCA 1962).
Second, failure to immediately react upon learning of the default. In Re Aston, 245 So.2d 674 (Fla. 4th DCA 1971).
In this case the defendants below turned over the served complaint to a lawyer who inexplicably failed to do anything and justified his inaction by reporting a "disappearance" of the pleadings.[1] Upon learning of this bizarre conduct, some four weeks after three copies of the complaint were served, the defendants waited a further 7 weeks before attempting to vacate, which was also some 30 days after receipt of a copy of the final judgment.
This case is analogous to Allen v. Wright, 350 So.2d 111 (Fla. 1st DCA 1977) in which the defendant labored under the misapprehension that his insurer would defend him and additionally did nothing for over 50 days after notice of default. Notwithstanding the court held that failure of the insurer to defend was not "supportive of any theory of excusable neglect" and further that the defendant did not proceed with all possible dispatch upon becoming aware of the default.
Similar results have been reached in Bailey v. Deebold, 351 So.2d 355 (Fla. 2nd DCA 1977) and Sun Finance Corp. v. Friend, 139 So.2d 484 (Fla. 3rd DCA 1962).
The message is clear. Negligence by a litigant's representative may be grounds for an independent suit, but it will not support the setting aside of a default judgment save under exceptional circumstance.
Moreover, swift action must be taken upon first receiving knowledge of any default. Further delay in excess of the time reasonably necessary to prepare and file a notice to vacate should prove fatal, absent some exceptional circumstance.
In the case at bar, we find the attorney's inaction unacceptable and the delay, after learning of the default, unexceptional. As such, there exists no excusable neglect under Fla.R. of Civ.P. 1.540(b).
REVERSED WITH INSTRUCTIONS TO REINSTATE THE FINAL JUDGMENT.
ALDERMAN, C.J., and CROSS, J., concur.
NOTES
[1] The law firm representing appellees before this court, did not represent them at this juncture.