LETTS, Judge,
dissenting:
I dissent.
The attorney’s neglect was not excusable neglect and the motion for relief under Fla.R.Civ.P. 1.540 should not have been granted.
In the case at bar, the only conceivable excuse for failure to file a motion for substitution, is the appellee’s allegation that he did not get the copy of the death certificate supposedly attached to the suggestion of death filed by the appellant. Thus the ap-pellee argues he was not on sufficient notice to proceed pursuant to Fla.R.Civ.P. 1.260. I cannot agree.
First of all, his alleged failure to receive the copy of the death certificate is not supported by the record. Moreover, even if it were, the suggestion itself states that a copy is attached. This being so, the appel-lee was on notice of it and such a copy is included with the original suggestion filed with the Court. Said death certificate contained adequate information to enable the appellee to proceed within the required 90 days.
In sum, what we have here is a routine case of attorney neglect. In my view, the majority ruling is in conflict with other recent decisions of this court. See for example, Kar Kare Owners Group of Florida v. Chason, 356 So.2d 851 (Fla. 4th DCA 1978). As we said in Westinghouse Credit Corporation v. Steven Lake Masonry, Inc., 356 So.2d 1329, 1330 (Fla. 4th DCA 1978):
“The message is clear. .Negligence by a litigant’s representative may be grounds for an independent suit, but it will not support the setting aside of a default judgment save under exceptional circumstance.”
Although technically we do not have a default judgment in the case at bar, a summary judgment resulted which was later set aside, thereby giving rise to this appeal. The parallel is obvious and I would reverse the trial court.