DOWNEY, Chief Judge.
Appellant, Jacqueline Wycoff, sued ap-pellees, William Wycoff, Thomas Ewing and Aetna Casualty & Surety Company, for damages resulting from an alleged assault and battery upon her committed by William Wycoff and Thomas Ewing. William Wy-coff is appellant’s ex-husband; Thomas Ewing is a private detective employed by Wy-coff to assist him in obtaining possession of their minor child who was in the custody of appellant. Aetna was the surety on a bond required of Ewing under the laws of New Jersey where he was licensed as a private detective.
In her complaint appellant alleged that, while she and the minor child were seated in an automobile in Fort Pierce, Florida, her ex-husband and Ewing illegally entered her car and forcibly removed the child during the course of which appellant was physically abused and injured. She alleged these actions were done willfully and maliciously. Finally, appellant alleged that Aetna provided public liability insurance covering Ewing and that she was a third party beneficiary of that policy.
Process was served upon all party defendants, none of them filed any pleadings and eventually a default was entered against them. All of the defendants were notified of a trial on the question of damages, but no one appeared to contest that issue either. A jury returned a verdict in December 1976.
In June 1977 appellant obtained a writ of execution on said judgment and appellee, Aetna, moved to stay the writ pursuant to Florida Rule of Civil Procedure 1.550(b). Said motion alleged a) that Ewing was a private investigator licensed in New Jersey; b) that under the law of New Jersey a surety bond in the amount of $3,000 is required, which Aetna furnished; c) that in the suit against the appellees Aetna had relied upon the representation of Ewing’s attorney, one Gregory Sharkey, that he would provide a defense for Aetna and that through oversight or neglect no such defense was provided and the judgment in question ensued; d) Aetna, as a surety, is only liable for $3,000 of the judgment; e) Aetna believes appellants will seek to enforce the entire judgment against it. A copy of a purported surety bond was attached to the unsworn motion. At a hearing held on said motion the only evidence adduced was an affidavit of counsel for appellant which demonstrates appellees were on notice of all proceedings leading up to the final judgment. In fact no contention was ever made otherwise in the trial court nor here. The trial court entered an order granting the motion to stay as to Aetna for any amount in excess of $5,000. In other words, the trial court stayed that part of the judgment against Aetna which represented the punitive damages. The reason ascribed for this holding was that “the law of Florida does not support collection of any punitive damages from the insurance carrier in this case.” It is noteworthy that the trial judge also stated in that order:
The Court further finds that Defendant AETNA CASUALTY & SURETY COMPANY, having failed to enter a defense limiting its liability for compensatory *616 damages to the penalty stated in its bond cannot seek relief from execution in the full amount of compensatory damages awarded Plaintiff, such defense having been waived.
Appellant suggests five points on appeal wherein it is contended that the motion for stay should not have been granted because the questions raised were concluded by the final judgment of December 1976 and there was neither allegation nor proof of good cause to grant the stay of execution as required by the rule. Appellee has cross-appealed and contends the trial court erred in not staying the entire judgment against Aetna except for $3,000.
In our opinion the trial court erred in granting the motion for stay as to any amount. Aetna with full and adequate notice thereof allowed the trial proceedings to be concluded without filing any pleadings or appearing therein in any fashion. If it had a defense to the suit, either as to liability or the amount of damages, it was obligated to plead and prove it. To allow Aet-na to assert its limited coverage long after judgment and the time for appeal had passed would allow a defaulting insurance carrier in a similar delinquent situation to come forward and contend that as a matter of fact it really didn’t have any coverage at all for the incident in question. We have not overlooked appellees’ reliance upon Moreno v. Aldrich, 113 So.2d 406 (Fla.2d DCA 1959) and Fitzgerald v. Addison, 287 So.2d 151 (Fla.2d DCA 1973). They are easily distinguishable from the facts of this case.
Apparently the basis upon which Aetna contends that the execution should be stayed is that Ewing’s lawyer, Sharkey, represented to Aetna he would provide a defense for Aetna.[1] Sharkey never appeared as counsel in this case, nor did he corroborate the contention in Aetna’s motion. Thus, nothing alleged in Aetna’s motion for stay or proved at the hearing could be described as excusable neglect so as to constitute good cause required by Rule 1.550(b) to authorize a stay of execution. Neither can it be said that good cause was demonstrated by the fact that the judgment allowed punitive damages against an insurance carrier which the trial judge said was contrary to the law of Florida. Without plumbing the limitations necessary to make that a correct statement, suffice to say that errors of law do not constitute good cause for granting a stay of execution on a final judgment any more than they would be treated as good cause for relief under Rule 1.540(b). Fiber Crete Homes, Inc. v. Division of Administration, 315 So.2d 492 (Fla. 4th DCA 1975); Kuykendall v. Kuykendall, 301 So.2d 466 (Fla. 1st DCA 1974); Keller v. Belcher, 256 So.2d 561 (Fla.3d DCA 1971), cert. den. 280 So.2d 682 (Fla.1972); Constant v. Tillitson, 214 So.2d 91 (Fla. 1st DCA 1968); Trawick, Florida Practice and Procedure, 1977 Ed. § 26-8. Errors of that nature must be corrected by timely appeal.
In view of the foregoing, the order appealed from is reversed and the cause remanded with directions to vacate the Stay of Execution.
REVERSED AND REMANDED WITH DIRECTIONS.
CROSS, SPENCER, C., and DAUKSCH, JAMES, C., Associate Judges, concur.

. Negligence of counsel will not support the setting aside of default judgment absent exigent circumstances. Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978); Allen v. Wright, 350 So.2d 111 (Fla. 1st DCA 1977); Sun Finance Corp. v. Friend, 139 So.2d 484 (Fla.3d DCA 1962); White v. Spears, 123 So.2d 689 (Fla.3d DCA 1960).