LETTS, Chief Judge.
This cause is affirmed.
The neglect which has occasioned the entry of a summary judgment came about either by the gross negligence of the losing parties’ attorney or the losing parties themselves, or both.[1] If the first or last of these three possibilities are the correct ones, then the remedy, if any, is against the attorney. Even after entry of the final judgment no effort to set it aside was made for more than seven months. Prior cases out of this court have concluded that neglect by attorneys and failure of litigants to keep abreast of litigation do not normally constitute excusable neglect. Kar Kare Owners Group of Florida v. Chason, 356 So.2d 851 (Fla. 4th DCA 1978) and Westinghouse Credit Corporation v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978).
As we said in Kar Kare,
Simple prudence would dictate that when one is being sued on a serious matter, such as this ... one would positively notify his attorneys as to his exact whereabouts and not depend on the vagaries of the re-routing process of the U.S. Mails. At least, when he heard nothing for several months he should have enquired. (Id. at 854.)
AFFIRMED.
HERSEY, J., concurs specially with opinion.
ANSTEAD, J., dissents with opinion.

. We do not refer to counsel for appellant on appeal. Another attorney handled this case at the trial level.