LETTS, Judge,
dissenting.
The neglect which the majority perceives as excusable, consists of a total failure by the insurance company to diary or forward the complaint for answer because of “clerical error.” The answer was due on December 12th and the default was entered on December 21st followed by the default final judgment on December 27th. The motion to set aside the default judgment was filed January 10th — 28 days after the answer was due.
*425 To set the default judgment aside is the charitable thing to do. The only problem is, if “clerical error” by itself is excusable neglect, unaccompanied by such as unavoidable accident or illness, it is hard to imagine anything that is not excusable neglect. As I see it, the majority now equates simple negligence with excusable neglect. I cannot believe the two were ever intended to be synonymous.
A dissent is not the place for expanded discussion, but the Fourth District Court has turned the doctrine of excusable neglect every which way but loose.[1] As a consequence, what constitutes excusable neglect appears to turn on the particular panel’s perception rather than any settled law. The problem with that, though I apparently have been guilty of it myself in the past, is that such appellate conduct ignores the discretion of the trial judge. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). As to settling the law on this subject, I would opt for this being an area where the discretion of the trial judge as to what constitutes excusable neglect should control except in the most aggravated circumstances. This is in fact what I believe the Supreme Court had in mind in North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962) when it opined that “gross” abuse was required to reverse a trial judge who found excusable neglect. I believe our decision here conflicts with North Shore Hospital, Inc. v. Barber.

. See, for example, Westinghouse Credit Corporation v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978) and compare it with County National Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981).