PER CURIAM.
Allstate Insurance Company petitions this Court for a Writ of Certiorari quashing the trial court’s Order denying Allstate’s Motion to Stay Execution on Partial Judgment and remanding with directions that the stay be entered without the necessity of Allstate posting a bond. We treat this petition as a review of a non-final order denying a stay of execution and affirm the trial court’s order.
Elsa Abreu was insured by Alstate under a homeowner’s policy. Following Hurricane Andrew in 1992, Alstate made payment to Ms. Abreu for damages caused by windstorm. Ms. Abreu thereafter sold her home to Aberto and Angela Cruz and assigned to them any rights or interest she may have had to pursue a supplemental hurricane claim under her homeowner’s insurance policy.
In 1997, the Cruzes notified Alstate that they believed more money should be paid for windstorm damages and attempted to invoke the appraisal clause of Alstate’s policy. Alstate’s counsel responded by informing the Cruzes of their duties in the event of loss and asking them to fulfill certain contractual obligations, such as submission of a Proof of Loss form and production of supporting documentation for the supplemental claim, among other things. Alstate further explained to the *1139 Cruzes that this fulfillment of conditions precedent was necessary so that Allstate could determine if there was the prerequisite “failure to agree on the amount of loss” before proceeding to appraisal.
The Cruzes then filed a Petition to Compel Appraisal in the lower court. The lower court deferred ruling on the Petition pending the Cruzes’ compliance -with the policy conditions as requested by Allstate. Thereafter, counsel for the Cruzes filed a Motion to Set Aside based upon this Court’s decision in Allstate Ins. Co. v. Sierra, 705 So.2d 119 (Fla. 3d DCA 1998). The lower court granted the Motion to Set Aside and ordered that the case proceed to appraisal.
Subsequent to the lower court’s order compelling appraisal, this Court issued its decision in USF & G v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999). Allstate then ■filed a Motion to Set Aside the Court Order granting appraisal, which was filed and heard prior to an appraisal award being entered. The $18,000 appraisal award was entered on October 22, 1999. The Cruzes filed a Motion for Confirmation of that Award and entry of partial judgment based thereon, which was ultimately granted by the trial court on March 23, 2000. Allstate then filed its Motion to Stay Execution on Partial Judgment, arguing that the “good cause” why the stay should be granted was that it had pending coverage defenses which might act as a total bar to recovery.
At the lower court’s hearing on Allstate’s motion, the Cruzes’ counsel stated that he had no objection to staying execution of the judgment as long as Allstate posted a bond. The lower court then gave Allstate, as an alternative to posting a bond, the option of putting $27,000 in the Cruzes’ counsel’s trust account so that Allstate would not have to spend money buying a bond. Allstate’s attorney argued that a bond was not required, to which the trial court responded that it was denying Allstate’s Motion to Stay Execution. Allstate subsequently filed this Petition for Writ of Certiorari.
The issue raised by Allstate is whether the trial court properly denied a stay under Fla. R. Civ. P. 1.550(b) (1999). Rule 1.550(b) provides, in pertinent part:
Executions and Final Process
(b) Stay. The court before which an execution or other process based on a final judgment is returnable may stay such execution or other process and suspend proceedings thereon for good cause on motion and notice to all adverse parties.
An order granting or denying a stay under Rule 1.550(b) is reviewed under an abuse of discretion standard. See Regan, Inc. v. Val-Ro, Ltd., 396 So.2d 834 (Fla. 3d DCA 1981). A court has the authority to stay execution on a judgment if a bond is provided, or alternatively if “good cause” for stay is otherwise established. See Carpet Concepts of St. Petersburg, Inc. v. Architectural Concepts, Inc., 559 So.2d 303 (Fla. 2d DCA 1990).[1]
The trial court did not require Allstate to post a bond but permitted Allstate to put $27,000 in the Cruzes’ counsel’s trust account. Because Allstate refused the alternative proposed by the trial court to place sufficient funds in the Cruzes’ attorney’s trust account, the trial court denied Allstate’s Motion to Stay. Under these circumstances, we cannot say that the trial court abused its discretion in denying the stay.
Affirmed.

. We note that errors of law do not constitute good cause for granting a stay of execution on a final judgment. See Wycoff v. Wycoff, 374 So.2d 614 (Fla. 4th DCA 1979).