899 So.2d 1265 (2005)
Luis RIVERA, Appellant,
v.
DEPARTMENT OF REVENUE, o/b/o Maria RIVERA, Appellee.
No. 2D04-3550.
District Court of Appeal of Florida, Second District.
April 22, 2005.
*1266 Jonas H. Kushner, Fort Myers, for Appellant.
No appearance for Appellee.
CASANUEVA, Judge.
Luis Rivera appeals from an order setting aside a supplemental judgment modifying his child support. The circuit court set aside the judgment, which was entered after the Department of Revenue defaulted, upon its finding that the Department proved excusable neglect and a meritorious defense on behalf of its client, Mr. Rivera's former wife. To reverse a case such as this, an appellate court must determine that there has been a gross abuse of discretion. See Schauer v. Coleman, 639 So.2d 637, 639 (Fla. 2d DCA 1994). Because the record is devoid of evidence proving either excusable neglect or a meritorious defense, we hold that the circuit court grossly abused its discretion and reverse.
After Mr. Rivera was given leave to amend his petition for modification of child support, the circuit court ordered the Department to file an answer within ten days of service of the amended pleading. The Department filed no answer or response, nor did it appear at a hearing on Mr. Rivera's motion for default. Accordingly, the circuit court entered a supplemental order modifying Mr. Rivera's child support. Some six months later, however, a different circuit judge found that the Department's neglect of its client's interests was excusable because Ms. Rivera had never been informed of the amended petition. When questioned by the court about a meritorious defense, Ms. Rivera's private attorney simply agreed that his client did have a meritorious defense.
A review of the record reveals that the circuit court's order setting aside the modification was unsupported by relevant legal facts. Mr. Rivera's attorney made several attempts to contact the Department to discern whether it had any intention of answering the amended petition. When no answer was forthcoming, the judge's judicial assistant  in a most unusual procedure  advised that all hearings on motions for default had to be set by the Department's attorney during times that had been previously set aside for hearings on matters involving the Department.[1] When the defaulting party proved reluctant to set a hearing on the motion to enter a default, Mr. Rivera's counsel was eventually successful in setting the hearing. The Department neither attended nor notified the court or opposing counsel that it would not attend. Then, when Mr. Rivera's attorney submitted a copy of the proposed final judgment to the Department, the Department again failed to respond in any manner.
Months later, after obtaining private counsel, Ms. Rivera filed a motion to set aside the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b), contending that the Department's neglect of her case was excusable. Although a trial court may set aside a final judgment entered as a result of excusable neglect under rule 1.540(b)(1), to justify vacating a *1267 default judgment, "a party must demonstrate (1) a legal excuse for not complying with the civil procedure rules and (2) a meritorious defense." Schauer, 639 So.2d at 638 (citing Kapetanopoulos v. Herbert, 449 So.2d 947, 949 (Fla. 2d DCA 1984)). Cf. Stone-Rich Props. v. Britt, 706 So.2d 330, 332 (Fla. 2d DCA 1998) (holding, under the circumstances of the case, that the trial court's failure to set aside a default and judgment constituted a gross abuse of discretion).
First, Ms. Rivera's attorney offered absolutely no facts to support a finding of legal excuse for failure to comply with the rules; instead, defense counsel essentially admitted that the Department's failure to file an answer or to appear at the hearing was "inexplicable." Unfortunately for Ms. Rivera, the Department's unexplained failure to provide her with any representation regarding the supplemental petition for modification cannot constitute excusable neglect. See Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329, 1330 (Fla. 4th DCA 1978).
Second, Ms. Rivera bore the burden of establishing that she could present a meritorious defense before the judgment entered upon default could be set aside. See Abray Constr. Co. v. Star Swimming Pools, Inc., 426 So.2d 1046, 1046 (Fla. 2d DCA 1983). In an attempt to present such a defense, her attorney merely agreed with the court when it "assume[d] she's also indicated or specifically said that she certainly has an answer and a response and some defense to the request for modification." In spite of Florida's longstanding policy favoring liberal vacation of defaults to consider cases on their merits, see Steven Lake Masonry, 356 So.2d at 1329, counsel's unverified assertions cannot establish a meritorious defense. Rather, counsel must tender either a defensive pleading or a sworn affidavit. See Geer v. Jacobsen, 880 So.2d 717, 720 (Fla. 2d DCA 2004); Hill v. Murphy, 872 So.2d 919, 922 (Fla. 2d DCA 2003).
Finally, we recognize that when a default judgment has been set aside, the appellate court's deference to the trial court's discretion must be extreme. See Lindell Motors, Inc. v. Morgan, 727 So.2d 1112, 1113 (Fla. 2d DCA 1999). We are not unmindful of the strong policy of liberality in vacating defaults. Nevertheless, despite the "troublesome nature of our review" in a case such as this, Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So.2d 300, 302 (Fla. 2d DCA 2004), we hold that the court committed a gross abuse of discretion when it entered an order without any facts to support its decision.
In closing, we note that our review of the record indicates that the trial judge intended to protect Ms. Rivera from the failures of counsel provided to her by the Department of Revenue. Although we understand this laudable motivation, it is the duty of the Department, not the trial court, to insure that its clients receive adequate representation.
Reversed and remanded with directions to reinstate the supplemental judgment modifying child support.
KELLY, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] We suggest that the circuit court henceforth abandon this procedure and permit the moving party to set hearings on default.