DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FI CAPITAL INVESTMENT 19, LLC,**
Appellant,

v.

**SOUTH FLORIDA TITLE ASSOCIATES, LLC,** et al.,
Appellees.

No. 4D22-698

[January 4, 2023]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE21-21140.

Jonathan A. Heller of Law Offices of Jonathan A. Heller, P.A., Coral Gables, for appellant.

Duane E. Baum of The Law Offices of Duane E. Baum, P.A., Plantation, for appellee South Florida Title Associates, LLC.

GERBER, J.

The plaintiff seller in an unconsummated real estate transaction appeals from the circuit court's order granting the defendant escrow agent's amended motion to vacate both the clerk's default and the circuit court's default judgment against the escrow agent in the sum of the escrowed deposit. According to the seller, the circuit court erred in entering the order for two reasons: (1) the circuit court failed to expressly determine the three elements necessary to vacate a default and default judgment—due diligence, excusable neglect, and a meritorious defense— because the circuit court's order merely stated that the escrow agent's amended motion to vacate was "Granted," without any factual findings; and (2) on the merits, the escrow agent failed to demonstrate the three elements necessary to vacate a default and default judgment.

We conclude the seller's arguments lack merit. Thus, we affirm. However, we write to clarify a statement contained in a recent case upon which the seller relied to support its first argument. In that case, *Locke v. Whitehead*, 321 So. 3d 278 (Fla. 4th DCA 2021), we stated in footnote 2:

> The trial court also failed to make oral or written findings in support of its decision to vacate the final default judgment. This further supports reversal. *See Rivera v. Dep't of Revenue ex rel. Rivera*, 899 So. 2d 1265, 1267 (Fla. 2d DCA 2005) ("[W]e hold that the court committed a gross abuse of discretion when it entered an order without any facts to support its decision.").

*Id.* at 282 n.2 (emphasis added).

The seller has interpreted *Locke*'s footnote 2 as meaning that a trial court's failure to make oral or written findings in support of an order vacating a default judgment underline requires reversal. However, neither Florida Rule of Civil Procedure 1.540(b), nor our supreme court, nor our court in *Locke,* has imposed any requirement that a trial court must make oral or written findings to support an order vacating a default judgment.

*Rivera*—the case which *Locke*'s footnote 2 cited—did not impose such a requirement either.

In *Rivera,* after the circuit court gave a father leave to amend his petition for modification of child support, the circuit court ordered the Department of Revenue to file an answer on the mother's behalf. 899 So. 2d at 1266. The Department filed no answer or response and did not appear at a hearing on the father's motion for default. *Id.* Accordingly, the circuit court entered a supplemental final judgment modifying the father's child support. *Id.*

Six months later, the mother's private counsel filed a motion to set aside the supplemental final judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(1). *Id.* Rule 1.540(b)(1) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons … mistake, inadvertence, surprise, or excusable neglect[.]"

At a hearing on the motion, however, the mother's counsel offered no facts to support a finding of excusable neglect for the Department's failure to comply with the rules. *Id.* at 1267. Instead, the mother's counsel admitted that the Department's failure to file an answer or appear at the default hearing was "inexplicable." *Id.* When the circuit court questioned the mother's counsel about a meritorious defense, the mother's counsel merely agreed with the circuit court's statement that it "assume[d] [the

mother] … ha[d] an answer and a response and some defense to the request for modification." *Id.* The circuit court then set aside the supplemental final judgment upon its finding of excusable neglect and a meritorious defense. *Id.* at 1266.

On the father's appeal, the Second District reversed with directions to reinstate the supplemental judgment modifying the father's child support. *Id.* at 1266-67. The Second District reasoned:

> A review of the record reveals that the circuit court's order setting aside the modification was unsupported by relevant legal facts. …
>
> Although a trial court may set aside a final judgment entered as a result of excusable neglect under rule 1.540(b)(1), to justify vacating a default judgment, "a party must demonstrate (1) a legal excuse for not complying with the civil procedure rules and (2) a meritorious defense." …
>
> Unfortunately for [the mother], the Department's unexplained failure to provide her with any representation regarding the [father's] supplemental petition for modification cannot constitute excusable neglect.
>
> Second, [the mother] bore the burden of establishing that she could present a meritorious defense before the judgment entered upon default could be set aside. In an attempt to present such a defense, her attorney merely agreed with the court when it "assume[d] she's also indicated or specifically said that she certainly ha[d] an answer and a response and some defense to the request for modification." In spite of Florida's longstanding policy favoring liberal vacation of defaults to consider cases on their merits, counsel's unverified assertions cannot establish a meritorious defense. Rather, counsel must tender either a defensive pleading or a sworn affidavit.
>
> Finally, we recognize that when a default judgment has been set aside, the appellate court's deference to the trial court's discretion must be extreme. We are not unmindful of the strong policy of liberality in vacating defaults. Nevertheless … <u>we hold that the court committed a gross abuse of discretion when it entered an order without any facts to support its decision</u>.

3

*Id.* (emphasis added; internal citations omitted).

As can be seen above, the Second District's decision did not rest upon any conclusion that the circuit court had improperly failed to make oral or written findings to support its order vacating the default judgment. Instead, as the emphasized sentence above states, the Second District's decision rested upon the fact that the circuit court had improperly set aside the default judgment without any facts to support that order.

However, in *Locke*'s footnote 2, we prefaced our accurate parenthetical cite of *Rivera* with our own statement: "The trial court also failed to make oral or written findings in support of its decision to vacate the final default judgment. This further supports reversal." 321 So. 3d at 282 n.2. *Rivera* contains no such conclusion, either expressly or by implication.

Thus, we write to clarify our statement in *Locke*'s footnote 2 as follows. A trial court's failure to make oral or written findings in support of its decision to vacate a default judgment supports reversal only where—as in *Rivera*—the record does not contain any facts to support that decision.

In the instant case, on the merits, the circuit court had a factual basis—based upon the escrow agent's attorney's sworn affidavit—to grant the escrow agent's amended motion to vacate both the clerk's default and the circuit court's default judgment against the escrow agent.

As for due diligence, the escrow agent's attorney attested that within eight days of the circuit court's entry of the default judgment, he had filed the escrow agent's original motion to vacate the default and default judgment. *See Elliot v. Aurora Loan Servs., LLC*, 31 So. 3d 304, 308 (Fla. 4th DCA 2010) ("Due diligence must be established with evidence, which includes a sworn affidavit. … It has been held that six-day, seven-day, and fifteen-day time lapses between the discovery of a default and the filing of a motion to vacate that default showed due diligence.").

Excusable neglect is found "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985). Here, the escrow agent's attorney's uncontradicted affidavit attested that during a time period when an outbreak of Covid-19 had occurred in his office, requiring him to work from home, he had misfiled the seller's complaint, which caused him to not properly calendar the time to file a response. Such an allegation was sufficient to satisfy the excusable neglect element for the

4

trial court's order vacating the default and default judgment. *Cf. Noel v. James B. Nutter Co.*, 232 So. 3d 1112, 1116 (Fla. 3d DCA 2017) ("[C]ounsel ... attested that the calendaring responsibility in his office lies solely with his assistants, and that in this instance, his assistants failed to calendar the deadlines set forth in the relevant standing orders. Moreover, office preparations for Hurricane Matthew contributed to the assistants' failure to follow normal office procedure and calendar the deadlines.").

As for meritorious defenses, the escrow agent's attorney attested he had separately filed a proposed motion to dismiss the complaint arguing the seller had failed to state a cause of action due to alleged inconsistencies between the terms of the attached contract and its second addendum. The escrow agent's attorney also attested he had identified five proposed affirmative defenses in the escrow agent's amended motion to vacate. Those five proposed affirmative defenses alleged: (1) the seller had failed to state a cause of action due to alleged consistencies between the terms of the attached contract and its second addendum; (2) the escrow agent's dual fiduciary duties to the seller and the buyer prevented the escrow agent from disbursing the escrowed deposit until a final determination of the seller's suit against the buyer; (3) the seller had unclean hands because the seller allegedly had not delivered certain documents to the buyer, in breach of the underlying contract; (4) the seller would be unjustly enriched if the circuit court found the escrow agent should not have disbursed the escrowed deposit to the seller; and (5) if the seller's actions were the sole cause of its claim, then the seller was estopped from making any claim as alleged in the seller's complaint.

Without reaching the substantive merits of any of these alleged defenses, we conclude these defenses, at least facially, are "meritorious," i.e., colorable. *See id.* at 308 ("A meritorious defense is established where a proposed answer is attached to its motion to vacate, which answer sets out in detail a number of affirmative defenses.") (citation, internal quotation marks and brackets omitted).

### *Conclusion*

Based on the foregoing, we affirm the circuit court's order granting the defendant escrow agent's amended motion to vacate both the clerk's default and the circuit court's default judgment against the escrow agent in the sum of the escrowed deposit.

While appellate review of orders granting motions to vacate defaults and default judgments undoubtedly would benefit if trial courts were to

make oral or written findings in support of such orders, we know of no authority requiring trial courts to make such findings, contrary to our statement in *Locke*'s footnote 2 which inadvertently may have implied such a requirement.  Thus, while we strongly encourage trial courts to make such findings, we have not imposed, and do not impose, such a requirement upon trial courts within our jurisdiction.

*Affirmed.*

WARNER and KUNTZ, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**