330 So.2d 845 (1976)
OVERSEAS DEVELOPMENT, INC., a Florida Corporation, Appellant,
v.
DOMINION MORTGAGE CORPORATION, a Florida Corporation, Appellee.
No. 75-910.
District Court of Appeal of Florida, Third District.
April 13, 1976.
Rehearing Denied May 12, 1976.
*846 McCormick, Bedford & Backmeyer, Miami, for appellant.
Turner, Hendrick, Guilford, Goldstein & McDonald, Coral Gables, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant, Overseas Development, Inc., seeks reversal of an order denying its motion to set aside judgment on default.
On February 7, 1975 plaintiff, Dominion Mortgage Corporation, filed suit for a mortgage broker's commission of $12,700 pursuant to an agreement between the parties. The complaint was served upon Felix S. Cabada, president of Overseas, and six weeks later on March 2, having received no responsive pleading, plaintiff moved for entry of a default against the defendant which was entered on March 24. On March 27 the plaintiff was granted a final judgment for $12,700 plus costs and interest. On May 9 defendant filed its motion to set aside the default on the ground that the complaint had been lost in transit from one lawyer to another. Defendant alleged that upon being served, Mr. Cabada took this complaint to defendant's attorney who advised he could not represent defendant and at Mr. Cabada's request delivered the complaint to Alejandro Briones, vice president of the defendant, for delivery to another attorney. Defendant claimed that as a result of inadvertence or excusable neglect, the complaint was lost and not received by the other attorney until after entry of the final judgment. Defendant further alleged that it had good and adequate defense as made clear from the attachments to plaintiff's complaint. Following a hearing on motion to vacate, the trial judge entered an order of denial and defendant appeals. Defendant primarily alleges that the trial judge abused his discretion in refusing to set aside the default judgment.
The general rule with regard to setting aside judgments entered on default is that relief may be granted within the sound discretion of the trial judge upon a showing of the existence of a meritorious defense and a legal excuse for the failure to comply with the rules. Winter Park Arms, Inc. v. Akerman, Fla.App. 1967, 199 So.2d 107 and cases cited therein.
The only ground alleged for vacation of the default judgment was that the vice president inadvertently misplaced the complaint and failed to deliver it to defense counsel until after the entry of the March 7 final judgment. We find that this failure on the part of the vice president does not constitute sufficient cause to justify the vacating of the default judgment. Cf. Winter Parks Arms, Inc., supra and Acme Fast Freight, Inc. v. Bell, Fla. App. 1975, 318 So.2d 212. We also note with respect to the allegation of the existence of meritorious defenses in defendant's motion to vacate that such defenses do not clearly appear from the attachments to the plaintiff's complaint.
Defendant secondly argues that the trial judge erred as to the amount of damages awarded in the final judgment. We cannot agree.
The motion for default judgment having been properly granted and defendant having failed to make any appearance *847 or file any pleading until well after the entry of the final judgment, we conclude the amount of damages cannot now be contested.
Affirmed.