PER CURIAM.
Appellants, real estate developers, appeal from a final judgment in favor of appellee, a mortgage broker.
Appellee sued appellants seeking a brokerage commission in the sum of $12,440. Upon being served with process appellants failed to respond whereupon a default followed by a final judgment consequent thereon was entered in the sum of $12,440 plus costs in the sum of $31. Upon motion the default and judgment were vacated and the case was allowed to proceed on the merits, resulting in a judgment in favor of appellee in the sum of $8,000 plus costs. *722 Appellants appealed and appellee cross-appealed.
The record, briefs and oral arguments of able counsel lead us to the conclusion that the points raised by appellants’ appeal are without merit. Appellee’s contention, however, urged by its cross-appeal, that the learned trial judge erred in vacating and setting aside the default and final judgment entered consequent thereon is meritorious.
Although the law favors resolution of cases on the merits, defaults properly entered and judgments thereon may not be set aside absent a showing of the existence of a meritorious defense and a legal excuse for failure to comply with the rules. (Metcalf v. Langston, Fla.App. 1st 1974, 296 So.2d 81, cert. dism., Sup.Ct.Fla.1974, 302 So.2d 414) The record of this case reveals no legal reason for appellants’ failure to respond nor does it reveal any legal basis for relieving appellants of the consequences of the default entered against them.
As to appellants’ appeal we affirm. As to appellee’s cross-appeal we reverse and direct that the final judgment entered consequent upon default in favor of appellee and against appellants be reinstated.
IT IS SO ORDERED.
BOYER, C. J. and McCORD and MILLS, JJ., concur.