344 So.2d 914 (1977)
Mildred PERRY, Appellant,
v.
UNIVERSITY CABS, INC., Appellee.
No. 76-2265.
District Court of Appeal of Florida, Third District.
April 5, 1977.
Rehearing Denied May 9, 1977.
Bridges & Dorsy, Coral Gables, for appellant.
*915 Carr & Emory, Miami, for appellee.
Before NATHAN and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This interlocutory appeal, filed by the plaintiff below, is from an order granting a motion of the defendant to set aside a default which had been entered against the defendant for its failure to file a defensive pleading within the time provided therefor.
The defendant's unsworn motion to set aside the default claimed excusable neglect of the defendant's attorney in failing to timely file a defensive pleading, and stated that the defendant had a meritorious defense.
To entitle the defendant to have the default set aside, in addition to a showing of excusable neglect, it was incumbent upon the defendant to show it had a meritorious defense, and a mere statement to that effect in an unsworn motion was not sufficient. The existence of a meritorious defense should be disclosed in tendering a defensive pleading showing the defense, or by a sworn motion or affidavit stating facts which if proved would be a meritorious defense, where a factual defense is relied on, or by showing legal grounds constituting a meritorious defense where a legal rather than a factual defense is to be relied on. See State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40, 42-43 (1931); Florida Inv. Enterprises, Inc. v. Kentucky Co., 160 So.2d 733, 735 (Fla. 1st DCA 1964); Butler v. Butler, 172 So.2d 899, 901 (Fla. 3d DCA 1965); Metcalf v. Langston, 296 So.2d 81 (Fla. 1st DCA 1974); Grimsely v. Florida Universal Financial Corp., 339 So.2d 721, 722 (Fla. 1st DCA 1976).
In this case the motion filed by the defendant to set aside the default should have been denied, in the absence of a showing that the defendant had a meritorious defense.
The order appealed from is reversed.