426 So.2d 1046 (1983)
ABRAY CONSTRUCTION COMPANY, INC., Appellant,
v.
STAR SWIMMING POOLS, INC., and Richard Foburg, Appellees.
No. 82-2104.
District Court of Appeal of Florida, Second District.
January 21, 1983.
Rehearing Denied February 18, 1983.
George J. Felos of Felos & Felos, Dunedin, for appellant.
James A. Helinger, Jr., Clearwater, for appellees.
SCHOONOVER, Judge.
This is an interlocutory appeal from an order vacating a final judgment based upon a default. We reverse.
Appellant, Abray Construction Company, plaintiff below, filed a complaint for damages against the appellees, Star Swimming Pools, Inc. and Richard Foburg. The appellees failed to respond to the complaint within twenty days after service of process, and the appellant obtained a default from the clerk. Shortly thereafter a final judgment was entered against the appellees.
Five days later, the appellees filed an unsworn motion to vacate the default and judgment. The motion claimed excusable neglect and alleged that the defendants had a meritorious defense in the form of a substantial counterclaim against the appellant. It was accompanied by an affidavit which attempted to set forth the facts upon which the court could find excusable neglect.
Even though there is a long standing policy of liberality towards the vacation of defaults so that the merits of the cause may be reached, Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978), it is the movant's burden to establish both a legal excuse for failure to comply with the Florida Rules of Civil Procedure and a meritorious defense. Claffey v. Serafino, 338 So.2d 270 (Fla. 2d DCA 1976).
Because the appellees failed in their attempt to establish a meritorious defense, it is not necessary for us to determine if the appellees' affidavit set forth sufficient facts to carry their burden of establishing a legal excuse, i.e., excusable neglect.
*1047 The only reference in the record relating to a meritorious defense is the allegation in the unsworn motion that the appellees had a meritorious defense in the form of a substantial counterclaim. This allegation standing alone is insufficient.
It is not permissible to allege the conclusion that the defaulting party's negligence was excusable without setting forth facts to support that conclusion. Likewise it is impermissible to allege the conclusion that a meritorious defense exists without alleging ultimate facts to support that conclusion. Tremblay v. Marck, 378 So.2d 855 (Fla. 4th DCA 1979).
When the movant relies upon a factual defense, the existence of a meritorious defense should be disclosed by tendering a defensive pleading showing that defense or by sworn motion or affidavit stating facts which if proved would establish such a defense. If the movant relies upon a legal defense it is incumbent upon him to show legal grounds constituting said meritorious defense. Perry v. University Cabs, Inc., 344 So.2d 914 (Fla. 3d DCA 1977).
Since the appellees did not sustain their burden of showing that they had a meritorious defense, the motion to set aside the default and judgment should have been denied, and we accordingly reverse and remand to the trial court with directions to vacate its order of September 2, 1982.
SCHEB, A.C.J., and CAMPBELL, J., concur.