438 So.2d 125 (1983)
WESTINGHOUSE ELEVATOR COMPANY, A DIVISION OF WESTINGHOUSE ELECTRIC CORPORATION, Appellant,
v.
DFS CONSTRUCTION COMPANY and Federal Insurance Company, Appellees.
No. 82-2738.
District Court of Appeal of Florida, Second District.
September 16, 1983.
*126 John Rains and Joseph G. Thresher of Shackleford, Farrior, Stallings & Evans, Tampa, for appellant.
Michael K. Sullivan and John R. Young of Hamilton, James, Merkle & Young, West Palm Beach, for appellees.
SCHOONOVER, Judge.
This is an interlocutory appeal from an order vacating a final judgment based upon a default. We reverse.
The appellant, Westinghouse Elevator Company, a division of Westinghouse Electric Corporation, filed a complaint against the appellees, DFS Construction Company and Federal Insurance Company. After receipt of the summons and complaint, the appellees' attorney contacted the appellant's attorney and received an extension of time for filing a responsive pleading. When the pleading was not filed within the period of the agreed extension, the appellant obtained a default from the clerk, and subsequently a final judgment was entered. The appellees then sought to have the default and judgment set aside by filing an unsworn motion alleging the existence of excusable neglect and a meritorious defense.
At the hearing on the motion, the appellees' attorney argued that the unsworn motion and the proposed answer which had been forwarded to the clerk after default, but prior to final judgment, established a meritorious defense. The unsworn answer was a general denial, and no evidence was presented to support the allegations contained in the motion. After considering the motion and answer, and hearing argument of counsel, the court granted the motion and this appeal timely followed.
Even though there is a long-standing policy of liberality towards the vacation of defaults so that the merits of a cause may be reached, it is still the movant's burden to establish both a legal excuse for failure to comply with the Florida Rules of Civil Procedure and a meritorious defense. Abray Construction Co. v. Star Swimming Pools, Inc., 426 So.2d 1046 (Fla. 2d DCA 1983); Claffey v. Serafino, 338 So.2d 270 (Fla. 2d DCA 1976). Additionally, the movant must demonstrate due diligence in seeking relief from the default. Lacore v. Giralda Bake Shop, Inc., 407 So.2d 275 (Fla. 3d DCA 1981).
It is not necessary for us to determine if the court properly found that the appellees had carried their burden of establishing excusable neglect, or if they demonstrated due diligence because, as hereinafter discussed, the appellees failed in their attempt to establish a meritorious defense. Abray Construction Co. v. Star Swimming Pools, Inc.
When a movant relies on a legal defense to establish a meritorious defense, it is incumbent upon him to show legal grounds constituting said meritorious defense. Abray Construction Co. v. Star Swimming Pools, Inc.; Perry v. University Cabs, Inc., 344 So.2d 914 (Fla. 3d DCA 1977). An unverified answer may be sufficient if the issue involved is a matter of law, not a matter of proof, i.e., an answer alleging that the statute of limitations precludes the action. Bay Convalescent Center, Inc. v. Carroll, 352 So.2d 900 (Fla. 1st DCA 1977).
However, when a movant relies upon a factual defense, he must properly set forth the facts relied upon to establish such a defense and a general denial is not sufficient. It is not permissible to allege that a defaulting party's negligence is excusable without setting forth the facts to support such a conclusion. Likewise, it is impermissible to allege that a meritorious defense exists without presenting ultimate facts to support that conclusion. Tremblay v. Marck, 378 So.2d 855 (Fla. 4th DCA 1979).
In the instant case, the appellees' unverified answer was a general denial. Since they were relying upon a factual defense, their general denial in an unverified answer was not sufficient. Bay Convalescent Center, Inc. v. Carroll.
*127 The appellees' reliance on North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962), is misplaced. It is true in that case the movant, by affidavit, pled a general denial. However, the supreme court made it clear that they were only considering an interlocutory order of default and were not concerned with the trial court's power to vacate a default following a final judgment.
The appellees did set forth facts in their unsworn motion, and their attorney made factual representations at the hearing on the motion. However, since the motion was unsworn, the trial judge could not rely on the facts set forth therein as the basis for making a factual determination that a meritorious defense existed. Bay Convalescent Center, Inc. v. Carroll. Additionally, the trial judge could not rely on the factual representations made by the attorneys during the course of the argument of the motion, and this court also cannot consider them on review. Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982).
Since the appellees were relying on a factual defense, the trial court erred in granting the motion to set aside the default judgment because the appellees did not set forth the ultimate facts to support that defense in a verified answer, sworn motion, affidavit, or other competent evidence. We accordingly reverse and remand with directions to vacate the order setting aside the default and final judgment.
REVERSED and REMANDED.
OTT, C.J., and GRIMES, J., concur.