454 So.2d 763 (1984)
Charles B. BLAND, D/B/a Southeast Mechanical Services, Appellant,
v.
VIKING FIRE PROTECTION, INC. OF THE SOUTHEAST, Appellee.
No. 83-2241.
District Court of Appeal of Florida, Second District.
August 24, 1984.
Stephen F. Baker, Winter Haven, for appellant.
Norman Stallings, Jr. of Hill, Hill & Dickenson, Tampa, for appellee.
PER CURIAM.
Charles Bland appeals the order denying his motion to vacate the final judgment entered upon a default. We reverse.
It is well established that under appropriate circumstances courts should liberally set aside defaults so that lawsuits may be determined on their merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). A party seeking to vacate a default judgment must first demonstrate that the failure to file a responsive pleading was the result of excusable neglect and that there exists a meritorious defense. Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982); Lacore v. Giralda Bake Shop, Inc., 407 So.2d 275 (Fla.3d DCA 1982); Travelers Insurance Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977). Here, the secretary's misfiling of the summons and complaint constituted excusable neglect. See County National Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981); Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla.3d DCA 1976). See also Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. *764 1977); Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., 261 So.2d 540 (Fla.3d DCA 1972); Travelers Insurance Co. v. Bryson; North Shore Hospital, Inc. v. Barber. Additionally, appellant states a meritorious defense in his answer and sworn affidavit by claiming that he had no contractual dealing of any kind with appellee and that he has never done business as Southeast Mechanical Services.
Accordingly, we reverse the final judgment and the default and remand for proceedings consistent with this opinion.
BOARDMAN, A.C.J., and GRIMES and SCHOONOVER, JJ., concur.