513 So.2d 1120 (1987)
Angela B. MIMS, Appellant,
v.
William Alexander MILLER and Sybel A. Husband, Appellees.
Case No. 86-2129.
District Court of Appeal of Florida, Second District.
October 16, 1987.
Edward M. Chew and Walter Heinrich, of de la Parte, Gilbert & Gramovot, P.A., Tampa, for appellant.
*1121 William R. Platt, Tampa, for appellees.
FRANK D. UPCHURCH, Jr., Associate Judge.
This is an appeal from a nonfinal order denying a motion to vacate a default.
Eva Maree Whidden died leaving two wills. Under the first will, executed on November 3, 1983, appellee Miller was named personal representative and was a residuary beneficiary. Appellee Sybel A. Husband was the other residuary beneficiary.
On September 26, 1984, Whidden executed a second will. This will specifically revoked the first will. In the second will, Whidden devised $1,000 to Miller, $1,000 to Husband, $5,000 to Julia Sanders, $5,000 to Angels Unaware, Inc., a charitable organization, and the rest, residue and remainder of the estate was devised and bequeathed to appellant Angela B. Mims. Robert S. Hobbs was nominated personal representative.
Miller and Hobbs petitioned for probate of their respective wills. Both filed declarations that the proceedings were adversarial and served their declarations on all interested parties, including Mims.
Hobbs filed a response which in general denied that the first will was the last will and testament. Mims failed to file a response. Miller subsequently obtained a default which was entered by the clerk on July 22, 1985.
Appellees filed responses to the Hobbs petition for probate of the second will. They denied that the second will was the last will and testament and alleged the second will was procured by Mims as a result of overreaching and undue influence.
On March 5, 1986, appellees filed a motion for entry of partial final judgment as to Mims based on the default. Appellees contended they were entitled to an order adjudging that the residuary clause of the second will was procured as a result of undue influence. They maintain this rendered the residuary clause void and that the residuary clause of the first will should be substituted for the residuary clause of the second will. In the alternative, appellees sought an order that the assets which comprised the residue of Whidden's estate under the second will pass intestate to Whidden's heirs at law.
Mims first learned that a default had been entered against her at the hearing on the motion for partial final judgment. When Mims learned of the default, she moved ore tenus to vacate and to continue the hearing. The trial court continued the hearing and granted additional time to file a motion to vacate. In her motion to vacate, Mims asserted that she had been in contact with either Hobbs or his attorney during the pendency of the proceeding and believed they were representing her interests in both the Miller petition and the Hobbs petition. Attached to the motion to vacate was Mims' answer to the Miller petition. She also simultaneously filed an answer to the Hobbs petition and responses to the defenses contained in appellees' answer to the Hobbs petition. Appellees filed a response to the motion to vacate default, and after a hearing, the trial court entered an order denying the motion.
It is well settled that courts should liberally set aside defaults so that lawsuits may be determined on their merits. A party seeking to vacate a default must demonstrate that the failure to file responsive pleadings was the result of excusable neglect, that there existed a meritorious defense, and that the party was reasonably diligent in seeking to vacate the default after he learned a default had been entered. Bland v. Viking Fire Protection, Inc. of the Southeast, 454 So.2d 763 (Fla. 2d DCA 1984). We find that these elements have been demonstrated in this case and hence the default against Mims should have been vacated.
First, Mims established that her failure to file a response was the result of excusable neglect. The record reflects that Mims is an eighty-year old woman. She believed that the personal representative was protecting her interest and knew that he had offered for probate the first will under which she would have an interest. There is a reasonable basis for this belief because the personal representative has a duty to defend the will. In re Blankenship's *1122 Estate, 136 So.2d 21 (Fla. 2d DCA 1961). The personal representative is under a duty to settle and distribute the estate in accordance with the terms of the will and the Probate Code. § 733.602(1), Fla. Stat. (1985).
Mims also established a meritorious defense. An examination of the pleadings reflects that the first will cannot prevail if the second will is valid because the second will specifically revokes the first will. The issue as to whether the second will was procured by undue influence or overreaching was clearly raised by the pleadings, even without the answer of Mims. Appellees argue that the default against Mims is in essence an admission or acquiescence that the will, at least the part in which she has an interest, namely the residuary clause, was procured by undue influence or overreaching. The effect of this, they contend, would be to give effect to the residuary clause of the first will, thereby substituting it in the second will, or in the alternative, that the residuary clause will be void and the residuary estate would pass by intestacy. We cannot accept the logic of either alternative.
The first will shall be revoked in toto if the second will is the valid will. The petition for probate of the second will filed by Hobbs alleges that it is the last will and testament of Whidden. The answer of appellees placed that in issue. The default of Mims will not affect that result and, if the second will is in fact determined to be the last will of Whidden, the residuary clause will still be in effect to pass to Mims the residuary bequest.
Finally, Mims was diligent in seeking to vacate the default. Mims learned of the default on March 10, 1986, and on March 19, filed her motion to vacate.
The order denying the motion to vacate default is reversed.
FRANK, A.C.J., and HALL, J., concur.