519 So.2d 729 (1988)
James L. COLLINS, Appellant,
v.
Carolyn L. COLLINS, Appellee.
No. 87-2070.
District Court of Appeal of Florida, Second District.
February 5, 1988.
*730 Jim D. Shumake of Jim D. Shumake, P.A., Naples, for appellant.
Tom Grogan, Naples, for appellee.
PARKER, Judge.
Appellant/husband seeks a review of a nonfinal order denying his motion to set aside a default and final judgment of dissolution of marriage.
The sole issue for our determination is whether the trial court erred in refusing to set aside the default final judgment.
We affirm the trial court.
A gross abuse of discretion must be shown before this court may reverse the denial of a motion to vacate a default judgment. Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984). Here, no such abuse has been demonstrated by the appellant. The appellant has the burden to establish both excusable neglect and a meritorious defense. Excusable neglect must be proven by affidavit or other sworn statement, whereas a meritorious defense may be shown by either an unverified pleading or an affidavit. Gibraltar Service Corp. v. Lone & Associates, Inc., 488 So.2d 582 (Fla. 4th DCA 1986).
The record here is barren of any of the above instruments. The sole document before the trial court and this court is the appellant's unsworn motion to vacate the default judgment. That motion, by itself, has been deemed insufficient by this court to establish the requirements of a meritorious defense and excusable neglect necessary to vacate a default. Westinghouse Elevator Co. v. DFS Construction Co., 438 So.2d 125 (Fla. 2d DCA 1983); Abray Construction Co., Inc. v. Star Swimming Pools, Inc., 426 So.2d 1046 (Fla. 2d DCA 1983).
Based upon our holding, it is not necessary to decide the merits of appellant's defenses which were asserted in the motion to vacate.
Affirmed.
SCHEB, A.C.J., and RYDER, J., concur.