529 So.2d 317 (1988)
FINKEL OUTDOOR PRODUCTS, INC., Appellant,
v.
Marie S. LASKY, Winding Creek Condominium Corp., and Cornerstone Management, Inc., Appellees.
No. 87-3229.
District Court of Appeal of Florida, Second District.
July 27, 1988.
David J. Abbey and Brian W. Reynolds of Fox & Grove, Chartered, St. Petersburg, and Sharon Lee Stedman of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, for appellant.
J. Avril of Perenich & Carroll, P.A., Clearwater, for appellees Marie S. Lasky and Robert Lasky.
*318 CAMPBELL, Chief Judge.
Appellant, Finkel Outdoor Products, Inc., appeals the denial of its motion to set aside a default entered against appellant. We reverse.
Appellant was first made a party to the action below when it was named a defendant in a second amended complaint filed after a year and a half of active litigation on the original complaint and the first amended complaint. Appellant, a foreign corporation, was served by service on its registered agent on April 20, 1987. On May 1, 1987, appellant forwarded the complaint to its liability insurance carrier, Royal Insurance Company (Royal), with a cover letter requesting Royal to defend on appellant's behalf. On May 4, 1987, an employee of Royal in New Jersey spoke by telephone with an employee of appellee Lasky's attorneys and obtained a fifteen day extension of time until May 25, 1987, to file defenses on behalf of appellant. On May 7, 1987, Royal's New Jersey office mailed the complaint to an adjuster in its Tampa office with instructions to procure counsel and defend on appellant's behalf. Royal's Tampa adjuster unilaterally and mistakenly concluded that appellant was in fact not a named defendant and need not appear and defend. Appellant was not a named defendant in the caption or style of the second amended complaint, but was named in the body of the complaint. Lasky's attorneys defaulted appellant on June 8, 1987, without any further contact with or notice to either Royal or appellant. Royal's Tampa adjuster subsequently learned that a default had been entered. A notice of appearance was filed by attorneys for appellant on June 15, 1987, and on June 26, 1987, appellant's attorneys filed its motion to set aside default. Another of the principal defendants, Winding Creek Condominium Corporation (Winding Creek), though served with the second amended complaint on April 2, 1987, did not respond until September 15, 1987, when it filed a motion to dismiss. The trial court on September 16, 1987, denied appellant's motion to set aside default on the stated basis of appellant's failure to demonstrate excusable neglect. Appellant set forth a meritorious defense and acted promptly and diligently to set aside the default when it was discovered. No prejudice would have resulted to appellee Lasky since another of the defendants (Winding Creek) did not respond until three months after the default was entered against appellant. There was no attempt to default Winding Creek. The trial judge apparently found no excusable neglect because there was no showing by appellant that it took any steps to defend except to rely upon its liability carrier to defend.
We conclude the trial judge placed too much emphasis on the appellant's reliance on its liability carrier. The important time sequences involved in this case are brief. Only fourteen days elapsed between the agreed-upon time for filing defenses, May 25, 1987, and the default, June 8, 1987. Only thirty-eight days elapsed between the time appellant asked its carrier to defend, May 1, 1987, and the default, June 8, 1987.
In Edwards v. City of Fort Walton Beach, 271 So.2d 136, 137 (Fla. 1972), the supreme court expressly and specifically disapproved as a general rule the statement that "misplaced reliance upon an insurance company for his timely defense is not excusable neglect by a defendant within the meaning of Rule 1.540(b)." The court in Edwards noted that the facts of each case are of singular importance in determining whether to grant relief from a default. See Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984). Where the motion to vacate is from an interlocutory order of default and not a final judgment, and where there is any reasonable doubt in the matter of vacating the default, the matter should be resolved in favor of vacating the default and allowing a trial upon the merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). A mere abuse of discretion is sufficient to warrant reversal of a trial judge's refusal to vacate an interlocutory order of default as opposed to a gross abuse of discretion needed to reverse a refusal to vacate a default judgment. North Shore Hospital; Kapetanopoulos.
*319 We conclude that, under the facts of this case showing appellee would suffer neither delay nor prejudice, the trial judge abused his discretion in failing to set aside the default.
Reversed.
LEHAN and FRANK, JJ., concur.