539 So.2d 1162 (1989)
PONDEROSA, INC., a Delaware Corporation Doing Business in the State of Florida, Appellant,
v.
Carolyn STEPHENS and Jo Stephens, Her Husband, Appellees.
No. 88-2514.
District Court of Appeal of Florida, Second District.
March 8, 1989.
*1163 Jonathan L. Alpert of Alpert, Josey, Grilli, Paris & Hanna, P.A., Tampa, for appellant.
Frank Comparetto, Jr. of Fontaine & Comparetto, P.A., Lakeland, for appellees.
PER CURIAM.
The appellant, Ponderosa, Inc., challenges the trial court's order denying its motion to vacate a default. We reverse.
The appellees, Jo and Carolyn Stephens, filed a complaint alleging that Mrs. Stephens was injured in a Ponderosa restaurant when an employee pushed serving trays over her left leg and foot. After the complaint was served on Ponderosa's registered agent, it was transmitted to Ponderosa's corporate offices in Ohio. The complaint was then forwarded to Ponderosa's adjusting agent in Lakeland, Florida, Crawford & Company, with directions to hire counsel. Unknown to Ponderosa, however, Crawford had transferred its claims function to its Tampa office. The Crawford employee who received the summons and complaint mailed the documents to the Tampa office, but they were never received. Accordingly, Crawford never opened a file or assigned defense counsel on the case. Thus, Ponderosa did not file an answer to the appellees' complaint.
The appellees filed a motion for a clerk's default, which was subsequently entered. The appellees then filed a motion for entry of final judgment and notice for trial and sent copies to Ponderosa's registered agent. After discovering that counsel had not been hired and that Crawford did not have a file on the case, Ponderosa immediately "telefaxed" the documents to Crawford's Tampa office with repeat instructions to hire counsel. The next day, Ponderosa filed a motion to vacate default, a proposed answer, and affirmative defenses. The proposed answer denied any negligence and denied that the appellees were in a Ponderosa restaurant on the date alleged in the complaint. After a hearing, the trial court denied Ponderosa's motion to set aside the default, and this timely appeal followed.
First, we note that there is a long standing policy of liberality towards the vacation of defaults so that the merits of the cause may be reached. Abray Constr. Co., Inc. v. Star Swimming Pools, Inc., 426 So.2d 1046 (Fla. 2d DCA 1983). Accordingly, a greater showing of abuse of discretion is generally required to reverse an order granting a motion to vacate a default than is required to reverse a denial of such motion. Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984). See also, Finkel Outdoor Products, Inc. v. Lasky, 529 So.2d 317 (Fla. 2d DCA 1988) (mere abuse of discretion is sufficient to reverse trial court's refusal to vacate an interlocutory order of default). In this case, we find that the trial court abused its discretion in denying Ponderosa's motion.
To be relieved of a default, a defendant must show excusable neglect, a meritorious defense, and that he used due diligence in seeking relief after learning of the default. Westinghouse Elevator Co. v. DFS Constr. Co., 438 So.2d 125 (Fla. 2d DCA 1983); Moore v. Powell, 480 So.2d 137 (Fla. 4th DCA 1986). The record reveals that Ponderosa exercised due diligence in seeking relief from the default. Further, Ponderosa's reliance upon its adjusting company to hire counsel followed by the loss of the suit papers, which is verified by several affidavits, constitutes excusable neglect. See Finkel; S.B. Partners v. *1164 Holmes, 479 So.2d 280 (Fla. 2d DCA 1985). Finally, Ponderosa's proposed answer generally denied any negligence, set forth specific affirmative defenses including contributory and comparative negligence, and verified, by affidavit, the statement in its unsworn motion that it did not have knowledge of an incident occurring on the date in question prior to receiving the appellees' complaint.[1] Ponderosa, therefore, established a meritorious defense sufficient for purposes of setting aside an interlocutory order of default. See North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Collins v. Collins, 519 So.2d 729 (Fla. 2d DCA 1988); Yelvington Transp., Inc. v. Hersman, 513 So.2d 1361 (Fla. 3d DCA 1987); Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983); Westinghouse.
Since Ponderosa carried its burden of establishing excusable neglect, a meritorious defense, and due diligence, the trial court abused its discretion in denying Ponderosa's motion to vacate the default. We, therefore, reverse and remand for proceedings consistent herewith.
REVERSED AND REMANDED.
SCHOONOVER, A.C.J., and PARKER and ALTENBERND, JJ., concur.
NOTES
[1] The appellees contend that they had been corresponding with Underwriters Adjusting Company (UAC) regarding the case and, therefore, Ponderosa sent the papers to the wrong company. The UAC claim, however, apparently involved an incident that occurred on December 17, 1986, and the complaint here alleged an accident on December 12, 1987.