598 So.2d 113 (1992)
HUNT EXTERMINATING CO., INC., Appellant,
v.
David CRUM and Cindy Crum, Appellees.
No. 91-02554.
District Court of Appeal of Florida, Second District.
April 10, 1992.
Rehearing Denied May 13, 1992.
*114 Stephan J. Freeman of Stephan J. Freeman, P.A., St. Petersburg, for appellant.
Thomas H. McGowan of Rahdert & Anderson, St. Petersburg, for appellees.
ALTENBERND, Judge.
The defendant, Hunt Exterminating Company, Inc., appeals the trial court's nonfinal order which denied its motion to set aside a clerk's default. We reverse.
The plaintiffs, Cindy and David Crum, sued Hunt for damages allegedly arising out of Hunt's failure to detect and exterminate termites in their home. The complaint was served on Hunt on April 12, 1991. Along with the complaint, the plaintiffs filed and served a request for production, and a set of interrogatories. Shortly thereafter, the plaintiffs served several notices of production from nonparties and scheduled the president of Hunt, Robert Kilby, for deposition on May 10, 1991. When Mr. Kilby appeared for his deposition on May 10, 1991, he was advised that a clerk's default had been entered three days earlier on May 7, 1991.
Although he is not an attorney, Mr. Kilby filed a motion on May 13, 1991, to vacate the default. This unauthorized document was followed on May 15 by an amended motion to set aside default, filed by Hunt's newly retained attorney. The motion alleged a meritorious defense and maintained that Mr. Kilby had been confused about his need to file a written response to the complaint if he appeared at the deposition. The motion was supported by Mr. Kilby's affidavit. The plaintiffs filed a counter-affidavit, stating that Mr. Kilby had been involved in several prior lawsuits in both county and circuit court. They argued that he should not have been confused.
The trial court declined to set aside the clerk's default, relying upon this court's decision in Goldome v. Davis, 567 So.2d 909 (Fla. 2d DCA 1990), and a similar decision in Overseas Development, Inc. v. Dominion Mortgage Corp., 330 So.2d 845 (Fla. 3d DCA 1976), cert. denied, 342 So.2d 1103 (Fla. 1977). We note that both of these decisions involved default judgments entered by the trial judge, rather than clerk's defaults challenged prior to the entry of judgment. In both cases, the judgments had been entered more than thirty days before the party sought to set aside the judgment. This court has previously observed that there is a distinction, albeit of degree, between the decision to set aside a default and a decision to set aside a default judgment. This court examines an order refusing to set aside a default with greater circumspection than one refusing to set aside a default judgment. See Ponderosa, Inc. v. Stephens, 539 So.2d 1162 (Fla. 2d DCA 1989); Finkel Outdoor Prods. v. Lasky, 529 So.2d 317 (Fla. 2d DCA 1988).
A party seeking to set aside a clerk's default or a default judgment must demonstrate that: 1) the failure to file a responsive pleading was the result of excusable neglect; 2) the party has a meritorious defense; and 3) the party has been reasonably diligent in seeking to vacate the default after it was discovered. Ponderosa; Mims v. Miller, 513 So.2d 1120 (Fla. 2d DCA 1987); Bland v. Viking Fire Protection, 454 So.2d 763 (Fla. 2d DCA 1984). In the case of a clerk's default that is quickly challenged before the entry of judgment, a defendant usually can establish reasonable diligence in seeking to vacate the order. In such a case, the plaintiff's claim has not vested as a final judgment. The defendant's neglect is at least more excusable in the sense that the neglect has not existed for a long time. Thus, these factors typically weigh more favorably for setting aside a default as compared to a default judgment.
*115 As long ago as 1863, the supreme court commented that "it is the tendency of the courts of the present age to stand less upon strict rules of practice than formerly, and to keep the door a long time open to a defendant who seems to be honestly striving to get in what he believes to be a good defense." Waterson v. Seat & Crawford, 10 Fla. 326 (1863); (as quoted in North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla. 1962)). At least in the absence of gross negligence by the defendant, "any reasonable doubt" should be resolved in favor of granting a motion to set aside a clerk's default. North Shore Hosp., at 853.
Under the specific facts of this case, there is no dispute that Hunt's motion and affidavit establish a meritorious defense and that Hunt was diligent in seeking to set aside the default once it was discovered. We conclude that the trial court abused its discretion on the remaining issue, excusable neglect, because the defendant established a reasonable doubt that it had been confused by the various documents served on it, which required different responses at different times. There exists a greater possibility for confusion when a plaintiff serves a defendant with discovery requests along with the summons and complaint. Under these facts, even if the defendant's president had some prior litigation experience, the default should be set aside in favor of a resolution of the dispute on its merits.
Reversed and remanded.
FRANK, A.C.J., and PATTERSON, J., concur.