658 So.2d 1169 (1995)
Santucci ARMANDO, S.C.L., a foreign corporation, Appellant,
v.
Mario PLAZZA, d/b/a Tile World of Italy, Appellee.
No. 94-02164.
District Court of Appeal of Florida, Second District.
August 4, 1995.
Jodi L. Poythress of Marcadis Gruman Florida, P.A., Tampa, for appellant.
Jeffrey B. Strouse of Benchimol, Hoft & Strouse, P.A., Tampa, for appellee.
QUINCE, Judge.
Santucci Armando, S.C.L., appeals a trial court order granting appellee's motion to set aside a default final judgment. We reverse because the appellee, Mario Plazza, d/b/a Tile World of Italy, did not establish a legal basis for setting aside the judgment.
Appellant filed a complaint against Tile World of Italy on an attached account, open account, goods sold and delivered, and issuing a worthless check. The worthless check was for $5,000.00, and the total of the attached account, open account and goods sold and delivered was $25,430.82. After the filing of the complaint, appellee signed a stipulation to stay entry of judgment admitting liability and agreeing to pay the principal sum due plus court costs. The agreement required an initial payment of $5,000.00 and monthly payments of $2,000.00 until the balance was paid in full. Appellee further agreed to entry of a final judgment in favor of appellant should appellee default. The initial payment was made, but appellee failed to make any monthly payments. As a result of this default, appellant was granted a default final judgment for the principal sum of $20,430.82 plus costs of $167.50 and prejudgment interest of $8,545.98. After entry of the final judgment, appellee made payments totalling $12,000.00. Appellee then moved to set aside the judgment.
A party moving to vacate a default must set forth facts explaining or justifying mistake or inadvertence by affidavit or other sworn statement. Lee v. Chung, 528 So.2d 1313 (Fla. 2d DCA 1988). It is the movant's burden to prove excusable neglect. Id. at 1316. Factual representations or argument by counsel made during a hearing are not sufficient. Blimpie Capital Venture, Inc. v. Palms Plaza Partners, Ltd., 636 So.2d 838, 840 (Fla. 2d DCA 1994).
In support of his motion to set aside the default final judgment, appellee filed an affidavit asserting certain defenses. However, as in Pertz v. Zohar, 556 So.2d 459 (Fla. *1170 2d DCA 1990), the affidavit did not address the issue of excusable neglect. Counsel for appellee argues on appeal that factual issues and legal arguments were presented to the trial court which support the order vacating the default. There is no transcript of the hearing contained in the record on appeal. Moreover, the hearing was apparently nonevidentiary.
It is an abuse of discretion for a trial court to vacate a judgment under circumstances where the moving party has not established excusable neglect. Lee; Pertz. Because the movant failed to provide the necessary evidentiary support for the motion to vacate the judgment, we find that the trial court abused its discretion. We, therefore, reverse the order vacating the final judgment and remand with instructions that the judgment be reinstated.
Reversed and remanded with instructions.
RYDER, A.C.J., and SCHOONOVER, J., concur.