727 So.2d 1112 (1999)
LINDELL MOTORS, INC., Appellant,
v.
Floyd MORGAN and Diana Morgan, Appellees.
No. 98-03512.
District Court of Appeal of Florida, Second District.
March 12, 1999.
Laura A. Olson and David C. Bearden of the Lawgroup, Tampa, for Appellant.
Scott T. Borders of Clark, Charlton, Martino & Borders, Tampa, for Appellees.
CASANUEVA, Judge.
Lindell Motors, Inc., appeals from an order denying its motion to vacate the default entered against it. We determine that the trial court abused its discretion in failing to set aside the default and reverse.
Floyd and Diana Morgan contracted to purchase a vehicle from Lindell. Subsequently a dispute arose over the Morgans' obligation to pay a down payment sum. The Morgans denied liability, and Lindell turned the debt claim over to a collection agency. Ultimately, the Morgans sued Lindell, asserting a violation of Florida's Consumer Collection Practices Act, section 559.72, Florida Statutes (1997), and libel per se. Lindell was served with the complaint on April 28, 1998. Upon motion, a clerk's default was entered against Lindell on May 27, 1997. On June 1, 1997, Lindell moved to set aside the default, concurrently filing a motion to dismiss or, alternatively, a motion for more definite statement. Lindell later amended both motions. In August, 1998, the trial court denied the motion to vacate, as well as a later motion for rehearing. A final default judgment was never entered.
Rule 1.500(d), Florida Rules of Civil Procedure, vests the trial court with discretion to set aside a default. In determining whether to exercise this power the court is required to consider several factors, among *1113 which is the diligence exercised by the movant in seeking relief. See Garcia Ins. Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977). In reviewing an order denying a motion to set aside a default, rather than a default judgment, an appellate court may exercise greater circumspection in the review process, see Hunt Exterminating Co., Inc. v. Crum, 598 So.2d 113 (Fla. 2d DCA 1992); and a party seeking to overturn an order denying a motion to vacate a default is held to a lesser standard than is required of a party seeking to overturn an order granting the same motion, see Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990). These rules implement the principle of liberality in setting aside defaults so that lawsuits may be decided on their merits. See Bland v. Viking Fire Protection, Inc. of the Southeast, 454 So.2d 763 (Fla. 2d DCA 1984).
We begin by observing that Lindell exercised appropriate diligence in seeking to set aside the default. The motion to vacate was filed less than one week after the entry of the default. In an accompanying affidavit, Lindell asserted that its failure to file a timely response was due to clerical error in routing the complaint from corporate staff to its attorneys. A litigant who timely moves to set aside a default, asserting a credible explanation of human error, is entitled to be heard on the merits. See Somero v. Hendry General Hosp., 467 So.2d 1103 (Fla. 4th DCA 1985). We conclude that Lindell has met its burden to set aside the default by acting with diligence and by providing a credible excuse for failing to timely answer the complaint. Accordingly, Lindell should be permitted to have the claims against it resolved on the merits. Our decision, however, should not be interpreted as tacit concurrence with Lindell's claim, asserted in the trial court, that it is a corporation unfamiliar with litigation procedures.
Reversed and remanded with instructions to vacate the default.
PARKER, C.J., and WHATLEY, J., Concur.