PER CURIAM.
Spring Valley appeals the trial court’s denial of its motion to set aside an interlocutory default. The lower court denied relief upon finding that appellant failed to establish a meritorious defense. We reverse.
Appellant’s motion to vacate the clerk’s default alleged affirmative defenses of comparative negligence as did the accompanying affidavit filed by appellant’s counsel. Such was sufficient to demonstrate a meritorious defense for purposes of setting aside a clerk’s default. See North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962) (holding that meritorious defense was demonstrated by general denial); Ponderosa, Inc. v. Stephens, 539 So.2d 1162, 1164 (Fla. 2d DCA 1989) (reversing denial of motion to vacate interlocutory default and holding appellant’s unverified proposed answer containing general denial and affirmative defenses, including contributory and comparative negligence, established “meritorious defense sufficient for purposes of setting aside an interlocutory order of default”). The trial court thus abused its discretion in denying appellant’s motion to vacate the interlocutory default. See Moore v. Powell, 480 So.2d 137, 139 (Fla. 4th DCA 1985) (“It is true that a general denial is insufficient to establish a meritorious defense for the purpose of vacating a default following final judgment. A different rule pertains, however, to consideration of an interlocutory order of default where no final judgment has been entered.”), review denied, 492 So.2d 1333 (Fla.1986); Bay Convalescent Center, Inc. v. Carroll, 352 So.2d 900 (Fla. 1st DCA 1977), cert. dismissed, 364 So.2d 881, 903 (Fla.1978).
MINER, BENTON and BROWNING, JJ., CONCUR.