813 So.2d 1061 (2002)
COQUINA BEACH CLUB CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Donna WAGNER and Douglas Wagner, husband and wife, Appellees.
No. 2D01-3430.
District Court of Appeal of Florida, Second District.
April 19, 2002.
*1063 Elaine C. Seymour of Guemmer and Seymour, Tampa, for Appellant.
Ginger L. Perusek of Ginger L. Perusek, P.A., Bradenton, for Appellees.
SILBERMAN, Judge.
Coquina Beach Club Condominium Association, Inc. (the Association) appeals from an order denying its motion to set aside a clerk's default. Because the Association established excusable neglect, raised a meritorious defense, and acted with due diligence, we reverse.
On March 30, 2001, Donna and Douglas Wagner served the Association, through its manager, with a summons and a complaint for negligence. On April 6, 2001, the manager forwarded the suit papers to the Association's insurance agent. The manager later contacted the insurance agency and ascertained that the agency received and was handling the suit papers.
On April 26, 2001, the clerk of the court entered a default against the Association. After learning of the default, the Association's manager contacted the insurance agency. On April 30, 2001, the agency forwarded the suit papers to the insurance underwriter. The underwriter then forwarded the papers to the insurance carrier, and the insurance carrier forwarded the papers to defense counsel.
On May 8, 2001, the Association, through counsel, filed an answer, affirmative defenses, and written discovery. In response, the Wagners filed a motion to strike the Association's documents. The Association then filed a motion to set aside the default with supporting affidavits from its manager and the insurance agency's employee who was responsible for handling the suit papers. After a hearing, the trial court denied the motion to set aside the default.
There is a "principle of liberality in setting aside defaults so that lawsuits may be decided on their merits." Lindell Motors, Inc. v. Morgan, 727 So.2d 1112, 1113 (Fla. 2d DCA 1999). To be relieved of a default, a defendant must demonstrate excusable neglect, a meritorious defense, and due diligence in seeking relief. Ponderosa, Inc. v. Stephens, 539 So.2d 1162, 1163 (Fla. 2d DCA 1989).
In order to establish excusable neglect, a party must file an affidavit or a sworn statement that sets forth the facts explaining or justifying the mistake or inadvertence. See Armando, S.C.L. v. Plazza, 658 So.2d 1169, 1169 (Fla. 2d DCA 1995). The affidavits filed by the Association outlined the sequence of events after service of the lawsuit was accomplished. The affidavit of the insurance agency's employee stated that she neglected to timely *1064 follow through after she received the suit papers because she had been absent from the agency due to a serious family illness, which resulted in a backlog of work. The affidavit of the Association's manager described the actions that he took after the lawsuit was served. We conclude that the affidavits established excusable neglect. See id.
The element of due diligence is determined by examining the facts of each case. Conidaris v. Credit Alliance Corp., 558 So.2d 523, 524 (Fla. 5th DCA 1990). "A litigant who timely moves to set aside a default, asserting a credible explanation of human error, is entitled to be heard on the merits." Lindell Motors, 727 So.2d at 1113. In considering a motion to set aside a default, courts must evaluate the extent of and the reasons for the delay. Cinkat Transp., Inc. v. Maryland Cas. Co., 596 So.2d 746, 747 (Fla. 3d DCA 1992). If the delay is not unreasonable under the circumstances, then the default should be vacated. Id.
The record reflects that the Association acted diligently once it was served with the lawsuit and again when it learned of the default. The Association filed an answer and affirmative defenses to the lawsuit approximately two weeks after the default had been entered. Approximately one week later, after the Wagners filed their motion to strike the Association's answer and defenses, the Association filed its motion to set aside the default with supporting affidavits. Under the circumstances, the Association demonstrated due diligence. See Lindell Motors, 727 So.2d at 1113.
The Wagners argue that because the Association's answer and affirmative defenses were not verified or sworn to, the Association did not establish meritorious defenses. They cite Westinghouse Elevator Co. v. DFS Construction Co., 438 So.2d 125 (Fla. 2d DCA 1983), and Abray Construction Co., Inc. v. Star Swimming Pools, Inc., 426 So.2d 1046 (Fla. 2d DCA 1983). Those cases are distinguishable because they involve motions to set aside a final judgment after entry of a default, rather than a motion to set aside a clerk's default. See N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 851 (Fla.1962); Westinghouse, 438 So.2d at 126; Abray Constr., 426 So.2d at 1046. Moreover, in Abray Construction the court noted that a meritorious defense may be disclosed by tendering a defensive pleading showing the defense or by tendering a sworn motion or affidavit stating the facts supporting the defense. Id. at 1047; see also Collins v. Collins, 519 So.2d 729, 730 (Fla. 2d DCA 1988).
The Association's answer denied the allegations of the complaint, and the Association raised the affirmative defenses of comparative negligence and setoff. The answer and affirmative defenses demonstrated a meritorious defense for the purpose of setting aside a clerk's default. See Ponderosa, 539 So.2d at 1164; Allstate Ins. Co. v. Ladner, 740 So.2d 42, 43-44 (Fla. 1st DCA 1999).
In a case involving an interlocutory order of default rather than a final judgment, "where there is any reasonable doubt in the matter of vacating the default, the matter should be resolved in favor of vacating the default and allowing a trial upon the merits." Finkel Outdoor Prods., Inc. v. Lasky, 529 So.2d 317, 318 (Fla. 2d DCA 1988). We conclude that the trial court abused its discretion in denying the motion to set aside the clerk's default because the Association established excusable neglect, due diligence, and the existence of a meritorious defense. See id. Therefore, the order denying the motion to set aside default is reversed, and this matter *1065 is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
FULMER and SALCINES, JJ., concur.