845 So.2d 217 (2003)
Lisa Marlae Marie Anne JOHNSON, Appellant,
v.
Florence A. JOHNSON, Marlae Eileen Johnson, Heather Rosanna Johnson, and William A. Johnson, Appellees.
No. 2D01-4037.
District Court of Appeal of Florida, Second District.
March 7, 2003.
Rehearing denied May 23, 2003.
A.J. Musial, Jr., of A.J. Musial, Jr., P.A., Tampa, for Appellant.
R. Craig Harrison of Lyons, Beaudry & Harrison, P.A., Sarasota, for Appellee Florence A. Johnson.
No appearance for Appellees, Marlae Eileen Johnson, Heather Rosanna Johnson, and William A. Johnson.
STRINGER, Judge.
Lisa Johnson challenges a partial summary judgment entered in favor of her mother-in-law, Florence Johnson, in this action to quiet title on certain real property located in Sarasota County, Florida. Because the record in this case gives rise to genuine issues of material fact with regard to Florence's interest in the property, we find that the circuit court granted summary judgment prematurely. We therefore reverse in part.

*218 Background

Lisa, Marlae, Heather, and William Johnson (collectively the Johnsons) were named defendants in Florence's complaint to quiet title.[1] The property in dispute was acquired by Florence's late husband, Arthur Johnson, in 1971. Lisa contends that she and her husband, William, paid the consideration for the property though title remained in Arthur's name. Lisa and William also claim to have paid the property taxes and insurance for the property since 1971. According to affidavits in the record, Arthur agreed to hold title to the property for the benefit of his minor grandchildren, Marlae and Heather Johnson, Lisa and William's daughters. Arthur died in November 1989, and Florence inherited his entire estate, including the property in dispute.
The record indicates that in 1992 Florence executed an irrevocable trust agreement with the intention of transferring the subject property into a trust for the benefit of Marlae and Heather. Florence and William are named trustees in the trust agreement, and Lisa is named standby trustee. The trust agreement states that the "Grantor, [Florence Johnson], in consideration of the premises and the covenants herein contained, has delivered to the Trustees the property described in Schedule A attached hereto, receipt of which is acknowledged." Lisa contends that as part of, and in consideration for, the trust agreement, she and William transferred to Florence their interest in other real property unrelated to this action. Schedule A lists three pieces of real estate purportedly subject to the trust agreement. An affidavit in the record indicates that when Florence executed the trust agreement, she also executed deeds, presumably transferring real property identified in schedule A into the trust. However, for reasons which are unclear, these deeds were never recorded.
Two years after executing the trust agreement, Florence executed and recorded a document purporting to invalidate it. This document, entitled "Invalidity of Trust," states that the trust is invalid because the trust agreement refers to property listed in a schedule A, but no such schedule A was attached to the agreement. However, we note that a schedule A accompanies the trust agreement contained in the record on appeal.
After it became evident that Florence intended to avoid and invalidate the trust agreement, Lisa executed and recorded a "Deed of Realty in Trust" purporting to transfer the subject property from Florence to Lisa as trustee. This deed, which references the 1992 trust agreement, identifies Florence as grantor but bears only Lisa's signature.

Procedural History
Florence's complaint asserted an action to quiet title in count one and sought damages for slander of title in count two.[2] When the Johnsons failed to answer her complaint or to file any paper in the action, Florence obtained clerk's defaults against Heather and Lisa.[3] After entry of the clerk's defaults, a guardian ad litem was appointed to represent Marlae and Heather. The guardian ad litem filed a motion to enlarge the time to respond to the complaint and later filed an answer. The Johnsons moved to have the defaults set aside and filed supporting affidavits. *219 These affidavits set forth facts intended to establish excusable neglect and also allege that the Johnsons have substantial defenses and a counterclaim against Florence based on the 1992 irrevocable trust agreement. The trial court never ruled on the motion to set aside the defaults.
After the guardian ad litem filed an answer on behalf of the minor children, Florence moved for summary judgment arguing that there were no genuine issues of material fact as to her status as fee simple owner. In support of her motion, Florence filed the warranty deed by which her late husband, Arthur, obtained title to the property as well as his will naming her as sole beneficiary. A certificate of distribution signed by the personal representative of Arthur's estate was also filed indicating that the subject property was distributed to Florence in probate proceedings.
William appeared at the summary judgment hearing requesting additional time to conduct discovery and to depose James C. Fetterman, the attorney who drafted the irrevocable trust on Florence's behalf. He argued that Attorney Fetterman was a key player whose testimony was essential to any determination concerning Florence's interest in the subject property. William presented the court with the affidavit of Attorney Fetterman confirming that he had drafted the irrevocable trust agreement and that accompanying deeds were executed at the same time. Attorney Fetterman's affidavit also states that Florence left his office with the deeds in her possession, indicating that she would get them recorded, but the deeds were never recorded.
The trial court granted Florence's motion for summary judgment, finding that Florence did not hold a trustee's interest in the property but instead held title to the entire fee by virtue of the devise in her late husband's will. The court's order granting summary judgment canceled the "Deed of Realty in Trust" executed by Lisa and declared it null and void. Moreover, the order enjoins the Johnsons from asserting any adverse claim to the subject property, effectively leaving Florence free to sell it to third parties pursuant to a pending real estate contract.

Discussion
Summary judgment is only proper when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c); Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). This court reviews the order granting Florence's motion for summary judgment de novo. Id. at 130-131. "A summary judgment should not be entered until facts have been sufficiently developed to enable the court to be reasonably certain that there is no genuine issue of material fact." Singer v. Star, 510 So.2d 637, 639 (Fla. 4th DCA 1987). Summary judgment is premature where there has been insufficient time to conduct discovery. Id.
The circuit court properly granted summary judgment as to the validity of the "Deed of Realty in Trust" because Lisa clearly had no legal interest or authority in the property which would authorize such a transfer. We therefore affirm that portion of the order which invalidated that document. Nevertheless, we conclude that the court entered summary judgment prematurely on this record because the facts were not sufficiently developed to allow the court to conclude that no genuine issues of material fact existed as to Florence's interest in the subject property. Attorney Fetterman's affidavit, along with affidavits filed by the Johnsons, give rise to genuine issues of material fact concerning Florence's status as fee simple owner of the property versus her status as trustee. *220 The "Invalidity of Trust," which was attached to Florence's complaint, also places this issue in dispute. In this document, Florence states that the trust agreement is invalid because there is no schedule A attached to it describing the lands in trust. However, the copy of schedule A attached to the trust agreement in the record disputes this contention. The irrevocable trust agreement declares that the property listed in schedule A was delivered to Florence as trustee. This declaration of delivery may have been effective on its own to create a trust in the property described in schedule A despite the absence of an accompanying deed.[4]
We now consider Lisa's argument with respect to the circuit court's failure to rule on the motion to set aside the clerk's defaults.
Florence did not move for entry of a default judgment after the clerk's defaults were entered against Lisa and Heather, but instead filed a motion for summary judgment against all named defendants. Perhaps she realized that a default judgment could not be entered against the minor defendants named in the complaint without an appearance by a guardian or a guardian ad litem. See Fla. R. Civ. P. 1.500(e). In any event, the court was reminded of the pending motion to set aside the clerk's defaults at the summary judgment hearing but nevertheless failed to rule on the motion before entering summary judgment in favor of Florence.[5]
On remand, the court shall rule on the motion to set aside the defaults, and if the motion is granted, the defaulted parties should be allowed to proceed. See Fla. R. Civ. P. 1.500(a)(d), 1.540(b). In ruling on the motion, the court should be guided by case law indicating that clerks' defaults may be set aside when the moving party demonstrates excusable neglect, a meritorious defense, and due diligence in seeking relief. Due consideration shall also be given to public policy favoring liberality in setting aside defaults so that suits may be decided on their merits. Coquina Beach Club Condo. Ass'n v. Wagner, 813 So.2d 1061, 1063 (Fla. 2d DCA 2002) (citing Lindell Motors, Inc. v. Morgan, 727 So.2d 1112, 1113 (Fla. 2d DCA 1999)).
Reversed in part, affirmed in part, and remanded for further proceedings.
ALTENBERND and WHATLEY, JJ., Concur.
NOTES
[1] Only Lisa Johnson has appeared in this appeal.
[2] The order granting Florence's motion for summary judgment does not dispose of count two. We have jurisdiction. See Fla. R.App. P. 9.130(3)(C)(ii).
[3] It is unclear why Florence did not also seek defaults against Marlae and William.
[4] See § 689.05, Fla. Stat. (1991); Brevard County v. Ramsey, 658 So.2d 1190, 1194 (Fla. 5th DCA 1995) ("To prove a trust created under section 689.05, it is not necessary that the writing be a deed ... [a]ll that is necessary is `some writing' which is signed and which manifests an intent to create a trust in the subject land by those having appropriate ownership interests.").
[5] We are uncertain what effect the defaults had since the guardian ad litem was allowed to proceed and answered the complaint on behalf of the minor children after the defaults were entered and since Florence moved for summary judgment against even the defaulted parties.