857 So.2d 313 (2003)
AMERICAN NETWORK TRANSPORTATION MANAGEMENT, INC., Appellant,
v.
A SUPER-LIMO COMPANY, INC., Appellee.
No. 2D03-1691.
District Court of Appeal of Florida, Second District.
October 10, 2003.
*314 Kimberly J. Haikara, Largo, for Appellant.
Edward J. Aiosa, Largo, for Appellee.
DAVIS, Judge.
A Super-Limo Company, Inc., filed an action on open account against American Network Transportation Management (ANTM). ANTM's failure to file a timely answer ultimately led to the entry of a default by the clerk of court and a final judgment against ANTM. ANTM challenges the trial court order that denied its motion to vacate the final judgment. Because we conclude that the trial court erred in denying the motion to vacate, we reverse.
The pertinent events occurred as follows:

October 23, 2002 Complaint filed (A Super-Limo v. ANTM).
October 28, 2002 ANTM served with complaint.
November 5, 2002 ANTM president Norman Pfundt admitted to emergency room with
 kidney stone.
November 8, 2002 ANTM president readmitted to hospital.
November 19, 2002 A Super-Limo files motion for default; clerk enters default.
November 22, 2002 ANTM files answer/affirmative defenses raising laches, failure to
 state cause of action, and statute of limitations.
November 26, 2002 A Super-Limo files motion for final judgment.
November 26, 2002 Trial court enters final judgment of default in favor of A Super-Limo
 for $34,945.51 plus interest.
December 2, 2002 Pfundt released from hospital; ANTM files Florida Rule of Civil
 Procedure 1.540(b) motion to set aside/vacate final judgment and
 attaches affidavit of Pfundt.
March 7, 2003 Court enters order denying motion to set aside final judgment.

Pursuant to Florida Rule of Civil Procedure 1.140, the answer to a complaint must be served within twenty days of the original service of process. In this case, because ANTM was served with the complaint on October 28, 2002, ANTM's answer was due on November 18, 2002, the Monday following the Sunday on which the twentieth day fell. Thus, A Super-Limo's motion for default, filed on the next day, November 19, 2002, was proper.
However, we believe that pursuant to rule 1.540(b), ANTM established a basis for the trial court to reopen the final judgment that was entered based on the default. In order to succeed on a rule 1.540(b) motion to vacate, the movant must demonstrate that the final judgment was the result of excusable neglect, that the movant exhibited due diligence in seeking to have the final judgment reopened, and *315 that a meritorious defense exists. Coquina Beach Club Condo. Ass'n v. Wagner, 813 So.2d 1061 (Fla. 2d DCA 2002).
The affidavit of Norman Pfundt, ANTM's president, established that he was the "sole individual responsible for making decisions concerning all lawsuits filed against ANTM" and that his ability to respond to the lawsuit was limited by his medical condition involving kidney stones. It also established that from the time the complaint was served on ANTM on October 28, 2002, until Pfundt was first admitted to the hospital, he had a total of only five work days in which to meet with his counsel and formulate an answer. Given the general principle of liberality, see Coquina Beach Club, 813 So.2d at 1063, in addition to the unpredictability of Pfundt's kidney stones, we believe that ANTM demonstrated excusable neglect.
We also believe that ANTM met the second requirement of rule 1.540(b) because it demonstrated due diligence by filing its answer within four days of the date that it was due. Id. at 1064 (finding that filing within two weeks demonstrated due diligence).
Finally, we conclude that ANTM sufficiently alleged a meritorious defense, the third prong of the test, because it alleged that A Super-Limo failed to state a cause of action and that both the statute of limitations and laches applied. Where the movant is alleging a legal defense, a meritorious defense may be shown by either an unverified pleading or an affidavit. Coquina Beach Club, 813 So.2d at 1064; Collins v. Collins, 519 So.2d 729 (Fla. 2d DCA 1988); Westinghouse Elevator Co. v. DFS Constr. Co., 438 So.2d 125, 126 (Fla. 2d DCA 1983) ("An unverified answer may be sufficient if the issue involved is a matter of law, not a matter of proof, i.e., an answer alleging that the statute of limitations precludes the action.").
Having concluded that ANTM met the requirements for setting aside the final judgment, in view of the principle of liberality in allowing same, we reverse the final judgment entered on the clerk's default.
Reversed.
NORTHCUTT and COVINGTON, JJ., concur.