MELVIN, Judge.
This interlocutory appeal was filed from an order granting appellee James Washington’s motion to set aside a default judgment entered against him and in favor of appellant bank.
The Atlantic Bank of Jacksonville sued James Washington and J. J. Bonilla, alleging that James Washington executed a check for the payment of $9,000 payable to the order of Bonilla, and delivered the check to him. It was further alleged that the check was endorsed by Bonilla and deposited in his account with the plaintiff bank. The bank presented the check for payment to the drawee bank and payment was refused by reason of insufficient funds. The complaint was filed November 4, 1977, and the defendant Washington having failed to serve or file an answer or motion within the time prescribed by rule, a default judgment was entered against him. The plaintiff bank did not pursue the default judgment to final judgment. The defendant Washington waited until February 21, 1978, to file his motion to set aside the default.
Washington urges that the allegations in his proffered answer to the bank’s claim and his counterclaim against Bonilla that *1147 plaintiff bank and co-defendant Bonilla had committed acts of misconduct and misrepresentation entitled him under Fla.R.Civ.P. 1.540(b) to have the default set aside. The provisions of such rule afford a basis to vacate a default judgment only when it is alleged that by reason of an adverse party’s misconduct or misrepresentation the party was induced not to timely file his answer or otherwise plead. Neither the motion nor any material in the record attempts to set forth any reason why Washington did not file his answer or otherwise plead within the time prescribed by the Rules of Civil Procedure.
A motion to set aside a default judgment is addressed to the sound discretion of the trial court. However, before such discretion may be properly exercised, the motion itself must set forth both a meritorious defense and a reason that would excuse the party’s neglect in failing to file his answer or otherwise plead within the time prescribed by applicable rule. See Allen v. Wright, 350 So.2d 111 (Fla. 1st DCA 1977).
 Although the courts favor the disposition of a case based upon its merits rather than upon the application of a rule of procedure, in order for this to be accomplished the courts must have the reasonable cooperation of the parties to the litigation in complying with the orderly rules of procedure. Washington having failed in his motion to allege facts which would have excused his neglect as to timely filing his pleading, neither this court nor the trial court may presume the existence of facts which would excuse his neglect.
Therefore, based upon the record before this court, we conclude that the lower court abused its discretion in setting aside the default against Washington. The order setting aside such default is REVERSED with directions to reinstate the same.
McCORD, C. J., and MILLS, J., concur.