378 So.2d 855 (1979)
Jean Marc TREMBLAY and Master Realty, Inc., Appellants,
v.
Donald L. MARCK and Constance G. Marck, His Wife, Appellees.
No. 78-2769.
District Court of Appeal of Florida, Fourth District.
December 19, 1979.
Joseph DeGance of Jansen & DeGance, P.A., Fort Lauderdale, for appellants.
John L. Sutton, Pompano Beach, for appellees.
DOWNEY, Chief Judge.
The issue presented on this appeal concerns the trial court's exercise of discretion in setting aside a default and final judgment in favor of appellants. In our opinion, the trial judge's action constituted an abuse of discretion.
Appellants sued appellees for specific performance. Although served with process, appellees failed to answer and in due course a default was entered, followed by a final judgment for appellants. Approximately one week later appellees filed a "Motion to *856 Rescind Order of Default" and a "Motion For Stay of Execution." Said motions alleged that C.B. Hankel, III, an associate of counsel for appellees, had agreed to represent appellees in their litigation. However, several weeks later Mr. Hankel disappeared during a flight in North Florida and thus no timely answer was filed. Present counsel alleged that the appellees had a valid defense but "because of the very short notice to the undersigned" he was unable to draft an adequate answer. No adequate pleading was filed to support counsel's allegation of a meritorious defense.
Although the trial judge recognized that it was necessary to show a meritorious defense, he vacated the default and final judgment, stating, among other things, in the order under review:
5. This court is not unmindful of the case law as set forth in Perry vs. University Cabs, Inc., 344 So.2d (914) [sic], but finds because of the exceptional nature of the circumstances this court shall vacate the default and subsequent final judgment.
The simple issue presented is whether, absent an adequate showing of a meritorious defense, the vacation of the default and final judgment constituted an abuse of discretion. Under the law of this jurisdiction it clearly constituted such an abuse.
In fairness to the trial judge, we believe he was overly impressed by the strong case of excusable neglect. What could be more persuasive of that fact than the sudden unexplained disappearance of counsel after he had undertaken to represent appellees? However, the rule of law is clear, and the trial judge expressly acknowledged his familiarity with that rule, that there is a dual aspect to a motion to set aside a default. It is incumbent upon the movant to properly allege excusable neglect and a meritorious defense  not just allege those conclusions. The movant must allege ultimate facts so that the trial judge can determine the neglect in question was excusable and that the alleged defense is meritorious. It no more meets the test for the movant to allege the conclusion that he has a meritorious defense than it would for him to allege the conclusion that, although guilty of neglect, it was excusable, without setting forth the facts to support that conclusion.
Since the law of Florida[1] is so clearly contrary to the action taken by the trial judge, we feel this court should reverse the order appealed from. However, because of the unfortunate circumstances giving rise to the oversight here[2] and so as not to visit the otherwise harsh result upon the appellees, we remand the cause to the trial court with directions to allow the appellees to amend their motion to vacate and allege, if they can, a meritorious defense.
REVERSED AND REMANDED.
MOORE and BERANEK, JJ., concur.
NOTES
[1] Atlantic Bank of West Jacksonville v. Washington, 360 So.2d 1145 (Fla. 1st DCA 1978); Allen v. Wright, 350 So.2d 111 (Fla. 1st DCA 1977); Perry v. University Cabs, Inc., 344 So.2d 914 (Fla. 3rd DCA 1977); Claffey v. Serafino, 338 So.2d 270 (Fla. 2nd DCA 1976).
[2] The remand in this case to allow appellee to amend and allege a meritorious defense is based solely upon the unusual facts of this case and will not constitute a precedent for generally granting such appellate disposition. Furthermore, although not explicit, the motion filed by appellee put the court and appellant on notice of a further and more complete pleading to be filed later.