416 So.2d 889 (1982)
FARMERS PRODUCTION CREDIT ASSOCIATION, Appellant,
v.
EMPERADOR SEAFOODS, INC., Thomas F. Furtado and Lauren W. Furtado, Appellees.
No. 81-2154.
District Court of Appeal of Florida, Fourth District.
July 14, 1982.
*890 Alan M. Sandler of Sandler & Holtsberg, Miami, for appellant.
No appearance for appellees.
HERSEY, Judge.
This is a timely appeal pursuant to Rule 9.130(a)(5), Florida Rules of Appellate Procedure, from a non-final order setting aside a final judgment entered after default.
A defendant is entitled to relief from a default judgment if he can demonstrate that his neglect to respond to the action was excusable, that he used due diligence in seeking relief upon learning of the default and that he had a meritorious defense. County National Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981). Excusable neglect is a necessary prerequisite to setting aside a final judgment entered after default. Atlantic Bank of West Jacksonville v. Washington, 360 So.2d 1145 (Fla. 1st DCA 1978); Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978).
Here the record reflects that appellees were served with the complaint but failed to respond and therefore the trial court entered a judgment of default. Appellees' motion to set aside the final judgment contains only a bare allegation that failure to answer the complaint was based upon mistake, inadvertence and excusable neglect. No supporting facts were alleged. Further, at the hearing on the motion to set aside final judgment, appellees offered no reason or excuse for their failure to respond. Rather, the hearing was devoted almost entirely to appellees' alleged meritorious defense. Even the affidavit submitted by appellees after the hearing contains no facts demonstrating that the failure to answer the complaint was excusable.
We therefore reverse and remand for reinstatement of the final judgment.
REVERSED and REMANDED.
ANSTEAD and HURLEY, JJ., concur.