490 So.2d 1023 (1986)
NAPCO PAINTS, INC., a Florida Corporation, Appellant,
v.
LaPORTE (U.S.), INC., Appellee.
No. 86-305.
District Court of Appeal of Florida, Third District.
June 24, 1986.
Rehearing Denied July 29, 1986.
*1024 Militana, Militana & Militana, and John Militana, Miami, for appellant.
Garry J. Alhalel, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART, and JORGENSON, JJ.
PER CURIAM.
The order denying the motion to vacate the final default judgment herein filed by the defendant Napco Paints, Inc. [Napco] pursuant to Fla.R.Civ.P. 1.540(b)(1), is affirmed upon a holding that: (1) the defendant Napco's motion to vacate filed pursuant to Fla.R.Civ.P. 1.540(b)(1) fails to set forth a meritorious defense, a precondition to any relief herein, in that: (a) the said motion is unsworn and alleges only that Napco "has a meritorious defense," without setting forth any of the facts of the alleged defense, and (b) no affidavits, evidence or testimony was ever adduced below on the said motion; Newkirk v. Florida Insurance Guaranty Association, Inc., 464 So.2d 1256 (Fla. 3d DCA 1985); Hall v. Byington, 421 So.2d 817, 817 (Fla. 4th DCA 1982); Pedro Realty, Inc. v. Silva, 399 So.2d 367, 369 (Fla. 3d DCA 1981), approved, 411 So.2d 872 (Fla. 1982); Tremblay v. Marck, 378 So.2d 855 (Fla. 4th DCA 1979), cert. denied, 389 So.2d 1116 (Fla. 1980); Mission East Co. v. Wyszatycki, 362 So.2d 87, 88 (Fla. 3d DCA 1978); Perry v. University Cabs, Inc., 344 So.2d 914, 915 (Fla. 3d DCA 1977); and (2) the trial court had no jurisdiction to entertain the defendant Napco's motion for rehearing on the denial of the motion to vacate, Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986), and therefore could not consider any of the exhibits attached thereto.
Affirmed.