PER CURIAM.
This is an appeal by the defendant Inter-trans Navigation, Inc. from an order denying a motion to set aside a final default judgment under Fla.R.Civ.P. 1.540. We affirm.
First, the service of process on the defendant corporation was not, as urged, an invalid service which failed to give the trial court in personam jurisdiction over the defendant. According to the return of service, the plaintiff’s complaint was served on “Susan Shafronsky as Station Mgr.... of defendant corporation in the absence of any superior as defined by Florida Statute, Section 48.081_” (R.9). Contrary to defendant’s contention, this return constituted prima facie evidence of proper service on the defendant corporation under Section 48.081(l)(b), Florida Statutes (1989). Moreover, the affidavits filed by the defendant do not, as urged, overcome this presumptive validity in that (1) Mr. Martinez’ affidavit fails to establish by clear and convincing evidence that he was “the president or vice president, or other head of the corporation” and was otherwise available for service at the defendant’s business when service was perfected on Ms. Shafronsky, § 48.081(l)(a), (b), Fla.Stat. (1989), and (2) Ms. Shafronsky’s affidavit fails to establish by clear and convincing evidence what her exact position was with the defendant corporation and that she was not “a general manager” of same. § 48.081(l)(b), Fla. Stat. (1989); see Magazine v. Bedoya, 475 So.2d 1035 (Fla. 3d DCA 1985); Montano v. Montano, 472 So.2d 1377, 1378 (Fla. 3d DCA), cert. dismissed, 474 So.2d 345 (Fla. 3d DCA 1985); Slomowitz v. Walker, 429 So.2d 797, 798-99 (Fla. 4th DCA 1983).
Second, no showing of excusable neglect or a meritorious defense was established below by the defendant’s affidavits — both of which were required in order to set aside the otherwise valid final judgment under Fla.R.Civ.P. 1.540. It was never established what Ms. Shafronsky did with the complaint she was served with, and the defendant corporation’s failure to train her in this respect cannot possibly constitute excusable neglect sufficient to excuse the defendant’s failure to respond timely to the complaint. See Gordon v. Kearns, 430 So.2d 959 (Fla. 3d DCA), rev. denied, 438 So.2d 832 (Fla.1983); Farmers Prod. Credit Ass’n v. Emperador Seafoods, Inc., 416 So.2d 889, 890 (Fla. 4th DCA 1982); Winter Park Arms v. Akerman, 199 So.2d 107, 108-09 (Fla. 4th DCA 1967). Moreover, the mere conclusory statements in Ms. Woods’ affidavit fail to establish any facts constituting a meritorious defense to the plaintiff’s claim. See Mathews Corp. v. Green’s Pool Serv., 15 F.L.W. D1801 (Fla. 3d DCA July 10, 1990); Tremblay v. Marck, 378 So.2d 855, 856 (Fla. 4th DCA 1979), cert. denied, 389 So.2d 1116 (Fla.1980); Bay Convalescent *421 Center, Inc. v. Carroll, 352 So.2d 900, 902-03 (Fla. 1st DCA 1977), cert. dismissed, 364 So. 2d 881 (Fla.1978).
Affirmed.