632 So.2d 1069 (1994)
INTER-ATLANTIC INSURANCE SERVICES, INC., Appellant,
v.
Maria HERNANDEZ, Appellee.
No. 93-1659.
District Court of Appeal of Florida, Third District.
February 15, 1994.
Rehearing Denied March 22, 1994.
Alan P. Weinraub, Miami, for appellant.
Millard C. Glancy, Coral Springs, for appellee.
Before HUBBART, NESBITT and GODERICH, JJ.
PER CURIAM.
The defendant, Inter-Atlantic Insurance Services [Inter-Atlantic], appeals from an order denying its motion to vacate default and judgment. We affirm.
The plaintiff, Maria A. Hernandez, was involved in an automobile collision on February 2, 1991. Her automobile insurers refused to pay her claims denying coverage because she had failed to pay her insurance premiums and the policy had been cancelled. As a result, the plaintiff brought an action for declaratory judgment and for damages to enforce the contract for automobile insurance benefits against her surplus lines insurers, Walbrook Insurance Company and Anglo-American Insurance Company, and against the agents, Ferrer Insurance, Inc. and Inter-Atlantic. The complaint was served upon Inter-Atlantic on June 17, 1992. The trial *1070 court entered a default judgment against Inter-Atlantic on February 4, 1993, for failure to file a responsive pleading.
Walbrook and Anglo-American were granted summary judgment before trial. The case proceeded to trial and the jury returned a verdict against the remaining defendants, including Inter-Atlantic, for $16,870.00 plus costs. Upon rendition of the final judgment, Inter-Atlantic moved to set aside the default judgment. Inter-Atlantic's president filed an affidavit alleging that no pleadings or notices reached persons or counsel responsible for litigation until May 10, 1993, and that Inter-Atlantic was not aware of any of the court proceedings in this matter until then. The trial court denied the motion to set aside the default and Inter-Atlantic appealed.
Inter-Atlantic contends that the trial court abused its discretion in denying Inter-Atlantic's motion to vacate default judgment where a default was entered despite excusable neglect and the existence of a meritorious defense. We disagree.
It is well established that in considering a motion to set aside a default judgment the trial court must determine whether the defendant demonstrated that his neglect to respond was excusable and that he had a meritorious defense. B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981).
The requirement that the defendant demonstrate excusable neglect requires more than a conclusionary statement. A party moving to vacate a default must set forth facts explaining or justifying the mistake or inadvertence by affidavit or other sworn statement, ... and failure to do so will prevent the appellate court from finding a gross abuse of discretion.
B.C. Builders, 405 So.2d at 1348 (citations omitted).
In the instant case, Inter-Atlantic did not present any evidence of excusable neglect. The affidavit filed by Inter-Atlantic contains conclusive statements rather than the facts required to explain why it should be excused for not responding to plaintiff's complaint. See Napco Paints, Inc. v. LaPorte (U.S.), Inc., 490 So.2d 1023 (Fla. 3d DCA 1986); Newkirk v. Florida Ins. Guar. Ass'n, Inc., 464 So.2d 1256 (Fla. 3d DCA 1985). Since Inter-Atlantic failed to show any excusable neglect, we find that the trial court did not abuse its discretion in failing to set aside the default.
Affirmed.