661 So.2d 319 (1995)
BAPTIST HOSPITAL OF MIAMI, INC., Appellant,
v.
Michael DEMARIO, Appellee.
No. 95-557.
District Court of Appeal of Florida, Third District.
September 6, 1995.
Rehearing Denied November 1, 1995.
*320 Isicoff & Ragatz and Eric Isicoff, Miami, for appellant.
Russo & Talisman and Patrice Talisman, Coconut Grove; Lyons and Farrar, Coral Gables, for appellee.
Before JORGENSON, COPE and GREEN, JJ.
COPE, Judge.
Baptist Hospital appeals an order denying its motion to vacate default. We affirm in part and reverse in part.
Michael Demario brought a class action lawsuit against Baptist Hospital, contending that he had been overcharged when he requested a copy of his medical records from the hospital. He alleged that the hospital calculated the copying charge at a rate which exceeds the amount allowed by subsection 395.3025(1), Florida Statutes (1993). He also *321 alleged that since the hospital transmitted its calculation of the charge for medical records to him by form letter, this means that the hospital has been systematically overcharging persons who request copies of their medical records. Plaintiff requested certification of a class of similarly situated plaintiffs who had been overcharged. He requested a declaratory judgment and other relief.
Plaintiff served the hospital with the complaint, but the suit papers were misrouted within the hospital. A default order was entered, which was sent to the hospital's registered agent. Thereafter, plaintiff served the hospital's registered agent by mail with a request for production of documents, interrogatories, and a motion and notice of hearing for class certification. Without obtaining responses to any of the discovery, plaintiff proceeded to a hearing on class certification. A hospital employee had continued to misroute the papers, and the hospital still did not appear in the litigation to defend. On the basis of the default, the trial court certified a class.
A subsequent notice of deposition alerted the hospital to the existence of the lawsuit, and the default. The hospital moved to set aside the default. A successor judge heard the motion to set aside default and denied it. The hospital has appealed.
Plaintiff has made the choice to bring this case as a class action. He seeks a declaratory judgment which will bind the class and the hospital, and desires that the alleged overcharges be refunded to the class. The predecessor judge certified the class by default. This was apparently done on the assumption that the default admitted the allegations of the class action complaint,[1] and that therefore the plaintiff was entitled to class certification without further ado.
We do not think that a class can be certified on the basis of a default.[2] "An action, of course, is not maintainable as a class suit merely because it is designated as such in the pleadings; whether it is or is not depends upon the attending facts." 3B James W. Moore, Moore's Federal Practice ¶ 23.02-2, at 23-78 (2d ed. 1995)(footnote omitted). "In determining whether an action brought as a class action is to be so maintained, the trial court should carefully apply the criteria ... for the maintenance of a class action to the facts of the case... ." Id. ¶ 23.50, at 23-411 (footnote omitted); see also Kass v. Young, 67 Cal. App.3d 100, 136 Cal. Rptr. 469 (1977) (disapproving class action judgment by default).
A class action may be certified only after the trial court determines, on the basis of a rigorous analysis, that the elements of the class action rule have been satisfied. See Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). "[A]ctual, not presumed, conformance with Rule 23(a) [prerequisites to a class action] remains ... indispensable." Id. at 160, 102 S.Ct. at 2372. "`The decision on whether or not to certify a class should be made carefully, on the basis of sufficient information... .'" Barton-Malow Co. v. Bauer, 627 So.2d 1233, 1235 (Fla. 2d DCA 1993)(quoting Manual on Complex Litigation 2d § 30.1 (1985)). That is so because the granting of class certification considerably expands the dimensions of the lawsuit, and commits the court and the parties to much additional labor over and above that entailed in an ordinary private lawsuit. There must be a sound basis in fact, not supposition, that the requirements of the class action rule have been satisfied. The plaintiff bears "the burden of establishing that a case is certifiable as a class action... ." Bishop v. Committee on Professional Ethics and Conduct, 686 F.2d 1278, 1288 (8th Cir.1982) (citations omitted).
*322 Here, the plaintiff decided to proceed to the class action certification hearing without placing facts in the record which would allow the trial court to apply the criteria of Florida Rule of Civil Procedure 1.220 in a reasoned manner. At present it cannot even be determined that the numerosity requirement of Rule 1.220 will be met, much less that the other requirements of the Rule have been satisfied. The bare fact that a default has been entered is not a substitute for the factual inquiry and exercise of judicial discretion called for by the class action rule. Since a class action cannot be certified on the basis of a default, the class certification must be vacated. This ruling is without prejudice to the plaintiff to renew the motion for class certification upon a proper factual record.[3]
The next question is whether the default should be allowed to stand as to the plaintiff's individual claim. The trial court ruled that the hospital had not demonstrated excusable neglect, and on that basis denied the motion to set aside the default. We find no reversible error on this point. The hospital's affidavits say that the suit papers, and subsequent papers, were routed to the finance department in the mistaken belief that the case involved a patient collections matter. The hospital does not explain, however, what happened to the suit papers when they reached the finance department, and the affidavits of record do not offer a basis on which to draw any factual conclusion or inference.[4] We affirm on authority of Inter-Atlantic Insurance Services, Inc. v. Hernandez, 632 So.2d 1069, 1070 (Fla. 3d DCA 1994), and Intertrans Navigation, Inc. v. Seguros St. Paul de Venezuela, C.A., 576 So.2d 419, 420 (Fla. 3d DCA 1991).[5]
Although the default will stand as to the plaintiff's individual claim, we express no opinion on what practical effect the default has on the request for declaratory judgment or the prayer for ancillary relief. See Crantson v. Walton-164th St. Corp., 115 N.Y.S.2d 331, 332 (1952). That issue has not been briefed here and should be addressed in the first instance in the trial court.[6]
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The allegations of the class action complaint are very sketchy and largely paraphrase the terms of Florida Rule of Civil Procedure 1.220.
[2] As we view the matter, the effect of the order certifying the class was to expand the preexisting default on liability to the entire class. Consequently, both the default order and the class certification order may be attacked by motion to set aside default, and both orders are properly before us on appeal from the order denying the motion to set aside default. See Fla.R.App.P. 9.130(a)(3)(C)(iv). See generally Doctor's Hosp. of Hollywood, Inc. v. Madison, 411 So.2d 190, 191-92 (Fla. 1982).
[3] We need not reach the hospital's challenge to plaintiff's standing to serve as class representative.
[4] If, as the hospital suggested at oral argument, the papers could not be located after diligent inquiry, then an affidavit should have been filed to that effect.
[5] Since excusable neglect has not been shown, we need not reach the claim of meritorious defense, namely, the proper interpretation of section 395.3025, Florida Statutes (1993).
[6] We likewise express no view on the question whether the existence of a default as to plaintiff's individual claim places the plaintiff in a different position than the rest of the class, such that the plaintiff's standing to serve as class plaintiff is adversely affected.