PER CURIAM.
Bill Thornton appeals from a non-final order which granted Farhat Jabeen’s motion for rehearing following a denial of a motion to vacate a final summary judgment pursuant to Florida Rule of Civil Procedure 1.540(b). The effect of the order under review was to vacate the final summary judgment and revive the action. We reverse.
As stated in Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA), rev. denied 494 So.2d 1153 (Fla.1986): “We conclude that an order denying relief from final judgment, though final, is not a ‘judgment’ within the meaning of Florida Rule of Civil Procedure, 1.530 and that the trial court was, therefore, without authority to entertain Victoria Marine’s motion for rehearing.” Id. at 1391. Accord, Talley v. Canal Indem. Co., 558 So.2d 1088 (Fla. 4th *151 DCA 1990); Catalano v. Catalano, 516 So.2d 77 (Fla. 5th DCA 1987); Napco Paints, Inc. v. LaPorte, 490 So.2d 1023 (Fla. 3d DCA 1986). Thus, the trial court did not have jurisdiction to rule on Jabeen’s motion for rehearing once it had denied her motion to vacate the final summary judgment.
Reversed and remanded with instructions to reinstate the final summary judgment.