909 So.2d 479 (2005)
Fredy ORTIZ, Appellant,
v.
FORD MOTOR COMPANY, Appellee.
No. 3D04-2020.
District Court of Appeal of Florida, Third District.
August 24, 2005.
*480 Boies, Schiller & Flexner and H. Stephen Rash (Miami), and Cynthia M. Christian (Orlando); Don Barrett and Charles F. Barrett (Lexington, MS); Lieff, Cabraser, Heimann & Bernstein (San Francisco, CA); Milberg Weiss Bershad Hynes & Lerach and Brad N. Friedman and Elizabeth Berney (New York, NY); Cohen & Malad and Irwin Levin and Richard Shevitz (Indianapolis, IN); Ricci-Leopold and Theodore Leopold (Palm Beach Gardens); Bernstein, Liebhard & Lifshitz and Keith M. Fleischman (New York, NY); Stephen J. Goldstein (Bay Harbor Islands), for appellant.
O'Melveny & Myers and Stephen J. Harburg and Morgen A. Sullivan and Charles E. Borden (Washington, D.C.); Carlton Fields and Wendy F. Lumish (Miami), for appellee.
Before RAMIREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
The plaintiff, a putative class representative, appeals from the following order denying class certification, with which we fully agree:

I.

FINDINGS OF FACT
Plaintiff, Fredy Ortiz, on behalf of all plaintiffs sued Defendant, Ford Motor Co. for unjust enrichment in an amended class action complaint alleging he overpaid for his 1998 Ford Explorer beyond its true value due to the Defendant's concealment of a design defect. The Plaintiff's vehicle had a design defect in that it was prone to rollover while cornering while its Firestone tires were inflated at the recommended tire pressure. This design defect was not disclosed to consumers in Defendant's marketing prior to August 9, 2000. Thus, the Plaintiff seeks a partial refund of its purchase price. The Plaintiff seeks statewide class certification. The issue before this Court was whether the class representation satisfied the required elements of numerosity, commonality, typicality, adequacy, predominance and superiority under Fla. R. Civ. P. 1.220.

II.

CONCLUSIONS OF LAW
A class action may be certified only after a court determines, on the basis of a rigorous analysis, that the elements of the class action rule have been satisfied. See Baptist Hosp. of Miami, Inc. v. Demario, 661 So.2d 319, *481 321 (Fla. 3d DCA 1995). The Plaintiff herein bore the burden of proof. Id. The Plaintiff has defined his putative class as consisting of "all persons and entities who, at any time prior to August 9, 2000, purchased, owned, or leased any 1991 to 2001 Ford Explorer sold or leased in the State of Florida and who either currently own or lease the vehicle(s) or previously owned or leased such vehicle(s)."
The threshold requirements for class action representation under Rule 1.220(a) are that: 1) the members of a class are so numerous that a separate joinder of each member is impracticable; 2) the claim of the representative party raises questions of law or fact common to questions of law or fact raised by the claim of each member of the class; 3) the claim of the representative party is typical of the claim of each member of the class; and 4) the representative party can fairly and adequately represent the interests of each member of the class. See Liggett Group Inc. v. Engle, 853 So.2d 434, 445 n. 6 (Fla. 3d DCA 2003)[, review granted, 873 So.2d 1222 (Fla.2004)]. In addition, under subsection (b)(3), issues which are subject to generalized proof must predominate over issues that require individualized proof and the class action must be superior to other available methods for a fair and efficient adjudication of the controversy. See Neenan v. Carnival Corp., 199 F.R.D. 372, 375 (S.D.Fla.2001); Liggett Group Inc., 853 So.2d at 445; and City of Pompano Beach v. Florida Dept. of Agriculture, 2002 WL 1558217 (Fla. 17th Cir.Ct. Jan. 24, 2002). The Defendant claims that the Plaintiff has offered no proof to satisfy subsection (b)(3). We find that the amended class action complaint has failed to meet these two requirements.
First, the need for individualized inquiry precludes class certification. Although there are some common factual issues, the equities surrounding each class member's purchase of their vehicle is not the same. A determination would have to be made whether each putative class member had seen a rollover warning and, if so, which version they saw, how they interpreted it and what impact it had on their understanding in order to determine if that member was deprived of their full purchase price. See, e.g. Gilman v. John Hancock Variable Life Ins. Co., 2003 WL 23191098 (Fla. [15th] Cir. Ct. Oct. 20, 2003).
Nor, could it be said that this unjust enrichment claim or corresponding damages turns predominately on classwide proof. Without addressing the merits, at the heart of the Plaintiff's claim is an inherent design defect predicated on various characteristics. However, the proffer by the Plaintiff shows that these characteristics vary over the different models of the Ford Explorer and it fails to distinguish them from other sport utility vehicles. Thus, it would not be possible to prove a defect on a classwide basis. Under these circumstances, which require the determination of predominately individualized factual issues, class certification cannot be maintained. See Hutson v. Rexall Sundown, Inc., 837 So.2d 1090, 1093 (Fla. 4th DCA 2003).
We further find it could not be said that a class action is superior to any other alternative method for a fair and efficient adjudication of this cause of action. The Plaintiff has failed to present proof demonstrating the manageability of the putative class which is based on an economic recovery of a product that is merely failure-prone. Further the National Highway Transportation Safety Administration implements an alternative *482 method. Wherefore, as the amended class action complaint did not meet the requirements of predominance and superiority, class certification cannot be maintained under Rule 1.220. Based upon the foregoing findings of fact and conclusions of law, it is thereupon [ordered and adjudged] that Plaintiff's Amended Motion for Class Certification is hereby denied.
Affirmed.